AUGUSTINE, APPELLANT, *v.* OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, APPELLEE.

(No. 81AP-699—Decided December 15, 1981.)

*Sperry, Hassett & Redeker Co., L.P.A.,* and *Mr. John E. Redeker,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. John C. Stamatakos,* for appellee.

McCORMAC, J. Ronald Augustine attempted an appeal to the Court of Common Pleas of Franklin County from an order of the Ohio Department of Rehabilitation and Correction denying his application for a shock parole hearing. The department's motion to dismiss for lack of subject matter jurisdiction was sustained and the case was dismissed.

Augustine has appealed, asserting that the common pleas court erred in dismissing the appeal, and has alleged that there was jurisdiction for the appeal pursuant to R.C. 119.12.

The trial court properly dismissed the attempted appeal. R.C. 119.12 permits appeals by a party adversely affected by certain orders of an agency. R.C. 119.01(A) defines agency, as pertinent, as follows:

" 'Agency' means, except as limited by this division, any official, board, or commission having authority to promulgate rules or make adjudications in the

bureau of employment services, the civil service commission, the department of industrial relations, the department [of] liquor control, the department of taxation, the department of tax equalization, the industrial commission, the bureau of workers' compensation, the functions of any administrative or executive officer, department, division, bureau, board, or commission of the government of the state specifically made subject to sections 119.01 to 119.13 of the Revised Code, and the licensing functions of any administrative or executive officer, department, division, bureau, board, or commission of the government of the state having the authority or responsibility of issuing, suspending, revoking, or canceling licenses. * * *"

In *Plumbers & Steamfitters Commt.* v. *Ohio Civil Rights Comm.* (1981), 66 Ohio St. 2d 192 [20 O.O.3d 200], the Supreme Court, at page 193, identified the three categories of state agencies that fall within the definition of an agency as outlined by R.C. 119.01(A). The first category consists of agencies enumerated in the statute. The second category includes the functions of any administrative or executive officer, department, bureau, board or commission specifically made subject to sections 119.01 to 119.13 of the Revised Code. The third category consists of administrative agencies with the authority to issue, suspend, revoke, or cancel licenses. The Ohio Department of Rehabilitation and Correction does not fit in any of these categories. Therefore, it is not an agency whose decisions are subject to judicial review by appeal pursuant to R.C. 119.12.

Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and REILLY, JJ., concur.