The STATE of Ohio, Appellee,

v.

BROWN, Appellant.

[Cite as *State v. Brown,* 156 Ohio App.3d 120, 2004-Ohio-558.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 03AP–638.

Decided Feb. 5, 2004.

Ron O'Brien, Franklin County Prosecuting Attorney, and Seth L. Gilbert, Assistant Prosecuting Attorney, for appellee.

Michael D. Brown, pro se.

BROWN, Judge.

{¶ 1} This matter is before this court upon the appeal of Michael D. Brown, defendant-appellant, from a judgment of the Franklin County Court of Common Pleas denying appellant's motion to suspend payment of court costs.

{¶ 2} On July 18, 1996, appellant was indicted by the Franklin County Grand Jury on one count of burglary and two counts of theft. On October 3, 1996, appellant entered a plea of guilty to one count of burglary, and the trial court

sentenced him to a period of community control for four years. The trial court's judgment entry was filed December 18, 1996.

{¶ 3} On February 11, 1999, appellant's probation officer filed a request for revocation of probation and a statement of violations with the trial court. By entry filed March 18, 1999, the trial court sentenced appellant to serve three years' incarceration.

{¶ 4} On October 26, 1999, appellant filed a motion for judicial release. By amended entry filed January 20, 2000, the trial court suspended appellant's sentence and placed him on probation for a period of two and one-half years.

{¶ 5} On January 5, 2001, appellant's probation officer filed a request for revocation and a statement of violations with the trial court. By entry filed May 7, 2001, the trial court revoked appellant's probation, ordering appellant to pay the costs of this prosecution and to serve three years' incarceration.

{¶ 6} Appellant began serving his sentence at the Pickaway Correctional Institution ("PCI"). The warden at PCI notified appellant of his obligation to pay court costs, in the amount of $312, and attached a copy of the trial court's judgment entry. Appellant was informed that the money would be withdrawn from his prison account until the obligation was paid and provided appellant with 14 days in which to claim any exemptions under R.C. 2329.66. Appellant timely submitted objections, which were ultimately rejected by the warden on December 16, 2002.

{¶ 7} On May 9, 2003, appellant filed a motion to "quash, set aside or recall execution" of the order to pay court costs out of his prison account. On May 22, 2003, the state filed a memorandum contra appellant's motion. By entry filed May 27, 2003, the trial court denied appellant's motion and specifically stated as follows: "The Court believes that it is likely that the Defendant, after he is released from the institution, will be able to pay the costs. * * * After the Defendant is released from the institution, he may then petition the Court for a suspension of the fine, court costs, and restitution if he continues to believe he will not have the ability to pay the sanctions."

{¶ 8} Thereafter, appellant filed a notice of appeal with this court and asserts the following three assignments of error for this court's review:

"[I.] The trial court erred by failing to find that appellant was entitled to claim exemptions to the taking of money from his prison account pursuant to Revised Code Section 2329.66(A)(13) which is governed by Revised Code Sections 2329.69 and 5120.133(B) and Ohio Administrative Code Section 5120–5–03(C).

"[II.] The trial court erred by failing to find that Revised Code Sections 2949.14, 2949.092 and 2949.15 preclude the court from the taking of money from appellant's prison account based upon appellant's indigent status.

"[III.] The trial court erred by failing to recognize that the execution against appellant's prison account was inequitable, unjust, or unconstitutional and that the execution denies due process when prison administrators are making determinations best left to the judiciary."

{¶ 9} R.C. 5120.133 authorizes the withdrawal of money from a prisoner's account upon receipt of a certified copy of a judgment of a court of record in an action in which the prisoner was ordered to pay a stated obligation. Pursuant thereto, Ohio Adm.Code 5120–5–03 was promulgated to establish guidelines and procedures for withdrawing money that belongs to an inmate and that is in an account kept for the inmate by the Ohio Department of Rehabilitation and Correction ("ODRC"). Pursuant thereto, the warden is required to notify the inmate of the court-ordered debt and the intent to withdraw money from his personal account. The required notice must inform the inmate of his right to claim exemptions as well as the types of exemptions available under R.C. 2329.66, the right to raise a defense as well as an opportunity to discuss these exemptions. After the inmate is given the opportunity to assert any exemptions or defense, the warden is to review the record and determine whether to withdraw money from the inmate's account. If withdrawals are authorized, and if there are sufficient funds in the inmate's account, the funds may be withdrawn, provided that the account retains $10 for inmate expenditures.

{¶ 10} In the present case, the warden followed the above procedures and began withdrawing money from appellant's inmate account. Appellant then filed a motion in the trial court challenging not only the trial court's authority to order that he pay costs, but also challenging the procedures whereby the warden was withdrawing money from his account. In overruling his motion, the trial court addressed the only issue that was properly before it from a jurisdictional standpoint: Whether or not the trial court had jurisdiction to order that appellant be ordered to pay court costs. However, the trial court did not address appellant's arguments challenging the procedures to withdraw money from an inmate's account when an inmate is indigent.

{¶ 11} In response to appellant's appeal in this court, the state has argued that appellant could challenge the withdrawal of funds from his inmate account pursuant to R.C. 119.12. However, this court has specifically found that the ODRC is not an agency whose decisions are subject to judicial review by appeal pursuant to R.C. 119.12. Specifically, in *Augustine v. Ohio Dept. of Rehab. & Corr.* (1981), 3 Ohio App.3d 398, 399, 3 OBR 464, 445 N.E.2d 706, this court stated as follows:

"In *Plumbers & Steamfitters Commt. v. Ohio Civil Rights Comm.* (1981), 66 Ohio St.2d 192 [20 O.O.3d 200, 421 N.E.2d 128], the Supreme Court, at 193 [20 O.O.3d 200, 421 N.E.2d 128], identified the three categories of state agencies that fall within the definition of an agency as outlined by R.C. 119.01(A). The first category consists of agencies enumerated in the statute. The second category includes the functions of any administrative or executive officer, department, bureau, board or commission specifically made subject to sections 119.01 to 119.13 of the Revised Code. The third category consists of administrative agencies with the authority to issue, suspend, revoke, or cancel licenses. The Ohio Department of Rehabilitation and Correction does not fit in any of these categories. Therefore, it is not an agency whose decisions are subject to judicial review by appeal pursuant to R.C. 119.12."

{¶ 12} To the extent that appellant is asserting that the warden at PCI is not properly following the procedures under Ohio Adm.Code 5120–5–03, the proper procedure would be for appellant to file a writ of mandamus to compel the warden to apply the statute and the Administrative Code properly. Appellant has failed to do so.

{¶ 13} Based on the foregoing, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas denying appellant's motion to suspend payment of costs is affirmed.

Judgment affirmed.

PEGGY BRYANT and McCORMAC, JJ., concur.

JOHN W. McCORMAC, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C) Article IV, Ohio Constitution.