OPINION
{¶ 1} On July 19, 2002, Walter Glandon, Jr. was sentenced to four years in prison after he was convicted of felonious assault pursuant to his guilty plea. Glandon was also ordered to pay the costs of prosecution which was $326. Glandon did not appeal his sentence but sought judicial release in April, 2003 which was denied by the trial court. He again sought judicial release in 2004 which was also denied.
 {¶ 2} On September 24, 2004, the Department of Rehabilitation and Correction ("DRC") notified Glandon that it intended to withdraw money from his prison account to be applied toward the costs of prosecution imposed in his case. DRC gave Glandon an opportunity to claim an exemption or raise a defense to the collection of the costs. Id. Glandon responded to the notice on September 27, 2004, by claiming several exemptions and defenses. DRC notified Glandon on October 27, 2004, that the exemptions he alleged did not apply to monies in his personal account.
 {¶ 3} On December 7, 2004, Glandon filed a motion with the trial court to vacate, set aside, or recall execution of the judgment ordering him to pay the costs of prosecution. The trial court overruled his motion on February 23, 2005, finding that it lacked jurisdiction to consider the motion. Glandon filed a Notice of Appeal on March 24, 2005, challenging the trial court's decision.
 {¶ 4} In a single assignment of error, appellant contends the trial court erred in overruling his motion to vacate or recall execution of the judgment ordering him to pay court costs.
 {¶ 5} Glandon argues that R.C. 2329.66 — R.C. 2329.71, with respect to exemptions apply to all courts and he is entitled to have the trial court that sentenced him enforce those provisions. He contends that he is entitled to relief from the judgment under Civ.R. 60(B)(4) which provides relief when it's no longer equitable that the "judgment" have prospective application.
 {¶ 6} The State argues that nothing in the provisions of R.C.2329.66 or 2329.69 confer jurisdiction on the trial court to recall execution of a judgment imposing the costs of prosecution. The State argues that R.C. 5120.133 confers execution jurisdiction upon the Department of Rehabilitation and Correction.
 {¶ 7} R.C. 5120.133 provides as follows:
 {¶ 8} "(A) The department of rehabilitation and correction, upon receipt of a certified copy of the judgment of a court of record in an action in which a prisoner was a party that orders a prisoner to pay a stated obligation, may apply toward payment of the obligation money that belongs to a prisoner and that is in the account kept for the prisoner by the department. The department may transmit the prisoner's funds directly to the court for disbursement or may make payment in another manner as directed by the court. Except as provided in rules adopted under this section, when an amount is received for the prisoner's account, the department shall use it for payment of the obligation and shall continue using amounts received for the account until the full amount of the obligation has been paid. No proceedings in aid of execution are necessary for the department to take the action required by this section.
 {¶ 9} "(B) The department may adopt rules specifying a portion of an inmate's earnings or other receipts that the inmate is allowed to retain to make purchases from the commissary and that may not be used to satisfy an obligation pursuant to division (A) of this section. The rules shall not permit the application or disbursement of funds belonging to an inmate if those funds are exempt from execution, garnishment, attachment, or sale to justify a judgment or order pursuant to section2329.66 of the Revised Code or to any other provision of law."
 {¶ 10} The State also notes that Civ.R. 60(B)(4) has no application to the matter because Glandon does not seek relief from the judgment of conviction but he only seeks to avoid an execution upon the judgment permitted by R.C. 5120.133.
 {¶ 11} The Franklin County Court of Appeals has held that the Ohio Department of Rehabilitation and Correction (ODRC) is not an agency whose decisions are subject to judicial review by appeal under statute permitting appeals by a party adversely affected by certain orders of an agency. R.C. 119.12. State v. Brown,156 Ohio App.3d 120, 2004-Ohio-558.
 {¶ 12} In Brown, the appellant inmate filed a motion in the trial court which sentenced him seven years earlier to "quash, set aside or recall execution" of the order to pay court costs out of his prior account. The appellant appealed the trial court's refusal to grant his request to recall execution upon his prison account. Judge Susan Brown noted at page 122 of the court's opinion:
 {¶ 13} "{ ¶ 9} R.C. 5120.133 authorizes the withdrawal of money from a prisoner's account upon receipt of a certified copy of a judgment of a court of record in an action in which the prisoner was ordered to pay a stated obligation. Pursuant thereto, Ohio Adm. Code 5120-5-03 was promulgated to establish guidelines and procedures for withdrawing money that belongs to an inmate and that is in an account kept for the inmate by the Ohio Department of Rehabilitation and Correction (`ODRC'). Pursuant thereto, the warden is required to notify the inmate of the court-ordered debt and the intent to withdraw money from his personal account. The required notice must inform the inmate of his right to claim exemptions as well as the types of exemptions available under R.C. 2329.66, the right to raise a defense as well as an opportunity to discuss these exemptions. After the inmate is given the opportunity to assert any exemptions or defense, the warden is to review the record and determine whether to withdraw money from the inmate's account. If withdrawals are authorized, and if there are sufficient funds in the inmate's account, the funds may be withdrawn, provided that the account retains $10 for inmate expenditures.
 {¶ 14} "{ ¶ 10} In the present case, the warden followed the above procedures and began withdrawing money from appellant's inmate account. Appellant then filed a motion in the trial court challenging not only the trial court's authority to order that he pay costs, but also challenging the procedures whereby the warden was withdrawing money from his account. In overruling his motion, the trial court addressed the only issue that was properly before it from a jurisdictional standpoint: Whether or not the trial court had jurisdiction to order that appellant be ordered to pay court costs. However, the trial court did not address appellant's arguments challenging the procedures to withdraw money from an inmate's account when an inmate is indigent.
 {¶ 15} "{ ¶ 11} In response to appellant's appeal in this court, the state has argued that appellant could challenge the withdrawal of funds from his inmate account pursuant to R.C.119.12. However, this court has specifically found that the ODRC is not an agency whose decisions are subject to judicial review by appeal pursuant to R.C. 119.12. Specifically, in Augustine v.Ohio Dept. Of Rehab. Corr. (1981), 3 Ohio App.3d 398, 399, 3 OBR 464, 445 N.E.2d 706, this court stated as follows:
 {¶ 16} "In Plumbers Steamfitters Commt. v. Ohio CivilRights Comm. (1981), 66 Ohio St.2d 192 [20 O.O.3d 200,421 N.E.2d 128], the Supreme Court, at 193 [20 O.O.3d 200,421 N.E.2d 128], identified the three categories of state agencies that fall within the definition of an agency as outlined by R.C. 119.01(A). The first category consists of agencies enumerated in the statute. The second category includes the functions of any administrative or executive officer, department, bureau, board or commission specifically made subject to sections 119.01 to 119.13
of the Revised Code. The third category consists of administrative agencies with the authority to issue, suspend, revoke, or cancel licenses. The Ohio Department of Rehabilitation and Correction does not fit in any of these categories. Therefore, it is not an agency whose decisions are subject to judicial review by appeal pursuant to R.C. 119.12.
 {¶ 17} "{ ¶ 12} To the extent that appellant is asserting that the warden at PCI is not properly following the procedures under Ohio Adm. Code 5120-5-03, the proper procedure would be for appellant to file a writ of mandamus to compel the warden to apply the statute and the Administrative Code properly. Appellant has failed to do so."
 {¶ 18} We find State v. Brown persuasive. Glandon's proper remedy was to file a mandamus action against the warden at the London Correctional Institution. Glandon did not appeal the trial court's original judgment wherein he was ordered to pay court costs. He did not seek to vacate his conviction pursuant to R.C.2953.21. He does not seek to vacate the judgment pursuant to Civ.R. 60(B). He essentially seeks to appeal the administrative determination by the warden that his prison account was not exempt from execution for payment of the court cost. This he may not do. His remedy is in mandamus. The assignment of error is overruled. The judgment of the trial court is Affirmed.
Wolff, J. and Grady, J., concur.