[Cite as *Sweeney v. Youngstown State Univ.*, 2011-Ohio-2731.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SUSAN MARIE SWEENEY

Plaintiff

v.

YOUNGSTOWN STATE UNIVERSITY

Defendant

Case No. 2008-09929-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} On September 25, 2008, plaintiff, Susan Marie Sweeney, filed a complaint against defendant, Youngstown State University (YSU), alleging that YSU refused to allow her to take a graduate level flute course that she had paid for in advance. Plaintiff initially sought damages in the amount of $3,000, of which $2,000 represented loss of tuition and $1,000 represented alleged emotional injury.

{¶ 2} On October 19, 2009, a judge of the Court of Claims issued an entry wherein plaintiff's claim for emotional injury was dismissed and the case was transferred to the administrative docket inasmuch as plaintiff's claim for damages does not exceed $2,500.00. See, R.C. 2743.10. Pursuant to the October 19, 2009 entry, plaintiff's claim is limited to her stated tuition loss of $2,000.00.

{¶ 3} In her complaint, plaintiff alleges that she enrolled and was accepted into the Dana School of Music and that YSU accepted a tuition payment of $4,800.00. Plaintiff further alleges that she "had been a music student [there] from 1995 off and on up until 2007 Spring semester." According to plaintiff, she registered at YSU to take a

graduate level course in music during the Spring semester 2007,[1] and that prior to enrollment, she was not notified that she would have to pass an audition to continue in the course. Plaintiff states that the flute instructor, Katherine Humble, did not schedule the audition until more than thirty days after plaintiff paid her fees, and that the instructor subsequently "denied my audition." Thus, plaintiff seeks to recover a tuition refund of $2,000.00 "for the flute course they never let me take." In addition, plaintiff alleges that YSU has placed her on academic probation and that, as such, she is prohibited from receiving financial aid. Finally, plaintiff asserts that YSU has "basically black-balled me in my chosen field of education." Plaintiff paid the $25.00 filing fee.

{¶ 4} Defendant denies liability and argues that plaintiff never applied to or was admitted to YSU's Dana School of Music. Rather, defendant contends that plaintiff was accepted into graduate school as a non-degree applicant after she applied on January 18, 2008. Defendant acknowledges that the Spring semester started on January 14, 2008, and that on January 22, 2008, plaintiff registered via computer for Flute 6901, which offered two credit hours in flute instruction. According to the affidavit submitted by Michael Crist, Director of the Dana School of Music, an undergraduate degree in music is a requirement to study an instrument at the graduate level. He avers that plaintiff was contacted in January 2008 and asked to withdraw from the course inasmuch as plaintiff had not auditioned prior to registration and she did not have the necessary prerequisites. Crist asserts that plaintiff refused to drop the course and instead requested an audition, which eventually took place on February 15, 2008. Crist stated that plaintiff did not withdraw from the course and that therefore, she received a failing grade.

{¶ 5} Jeanne Herman, YSU's registrar, also provided an affidavit which defendant attached to the investigation report. Herman stated that plaintiff was advised that she could file a petition to convert the failing grade to "W" and that if the petition was approved such change would reflect that she had withdrawn from the course. In addition, plaintiff was instructed that she could file an appeal to seek a refund of the tuition paid to take the flute course and that to do so she would need to establish that she never attended the class. Nonetheless, Herman averred that YSU never received

---

[1] Although plaintiff lists Spring semester 2007, documentation submitted by plaintiff on December 24, 2008, establishes that plaintiff's claim arose during the Spring semester 2008.

such petition or appeal.

{¶ 6} Defendant also references portions of YSU's Bulletin, Graduate Edition 2006-2008. As stated in the bulletin (copy submitted), non-degree status "provides an opportunity for individuals who hold a baccalaureate or higher degree to enroll in graduate classes for professional or personal development, * * * without completion of the regular graduate admission process. Departments may require prior approval for nondegree student registration in departmental courses. * * * Nondegree students are ineligible for any financial aid or assistantships through the School of Graduate Studies and Research."

{¶ 7} On page 36 of the bulletin, students are warned that "the student agrees to pay all tuition and fees associated with the registration. Failure to withdraw does not release the student from his or her financial obligation incurred by registration." Likewise, on page 37, students are reminded that "[w]ithdrawal from a course must be accomplished through the online registration system. Failure to attend class or notification to an instructor is insufficient. A grade of F will be recorded unless a student officially withdraws."

{¶ 8} Defendant argues that plaintiff was informed of the audition requirement and that she chose to proceed with the audition rather than to drop the course. Once plaintiff was notified that she would not be allowed to continue in the course, plaintiff had the responsibility to file a petition for a late withdrawal and to seek reimbursement of her fees via YSU's appeal process. According to the documents submitted, plaintiff failed to properly submit such appeals and she did not establish her entitlement to a refund of her fees. Finally, defendant maintains that plaintiff's claims that defendant is in some way interfering with her ability to procure substitute teaching assignments is baseless.[2]

{¶ 9} Plaintiff filed a response which essentially reiterates the allegations of her complaint. According to plaintiff, the fact that she has passed auditions with other professors in prior years signifies that she should not have been required to pass the flute audition. Finally, plaintiff contends that she did not receive notice of the failed audition until March 5, 2008. Plaintiff failed to provide any evidence to support her

---

[2] Although defendant requests that Michael Crist be dismissed as a party, such was accomplished on September 4, 2008, pursuant to the court's pre-screening entry.

claim that defendant was interfering with her ability to obtain substitute teaching assignments. Moreover, the facts of the instant action show that the remainder of plaintiff's claim is solely based on the contention that YSU wrongfully collected tuition funds and has failed to return the funds to plaintiff. Since this particular action is for the recovery of an alleged wrongful collection, the claim is grounded solely in equity. *Ohio Hosp. Assn. v. Ohio Dept. of Human Servs.* (1991), 62 Ohio St. 3d 97, 579 N.E. 2d 695. "The reimbursement of monies withheld pursuant to an invalid administrative rule is equitable relief, not money damages." *Ohio Hosp. Assn.* at 105. "Thus, for restitution to lie in equity, the action generally must seek not to impose liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Great-West Life & Annuity Co. v. Knudson* (2002), 534 U.S. 204, at 214, 122 S. Ct. 708, 151 L. Ed 2d 635.

**{¶ 10}** "A suit that seeks the return of specific funds wrongfully collected or held by the state is brought in equity." *Santos et al. v. Ohio Bureau of Workers' Compensation*, 101 Ohio St. 3d 74, 2004-Ohio-28 at paragraph one of the syllabus. R.C. 2743.03(A)(1) and (2) state:

**{¶ 11}** "(A)(1) There is hereby created a court of claims. The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code, exclusive jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims, and jurisdiction to hear appeals from the decisions of the court of claims commissioners. The court shall have full equity powers in all actions within its jurisdiction and may entertain and determine all counterclaims, cross-claims, and third-party claims.

**{¶ 12}** "(2) If the claimant in a civil action as described in division (A)(1) of this section also files a claim for a declaratory judgment, injunctive relief, or other equitable relief against the state that arises out of the same circumstances that gave rise to the civil action described in division (A)(1) of this section, the court of claims has exclusive, original jurisdiction to hear and determine that claim in that civil action. This division does not affect, and shall not be construed as affecting, the original jurisdiction of another court of this state to hear and determine a civil action in which the sole relief that the claimant seeks against the state is a declaratory judgment, injunctive relief, or

other equitable relief."

{¶ 13} Additionally, 2743.10(A) states in pertinent part: "Civil actions against the state for two thousand five hundred dollars or less shall be determined administratively by the clerk of the court of claims . . ." R.C. 2743.10 does not confer equity jurisdiction at the Administrative Determination level of this court. Administrative Determination actions are solely for money damages. Equity jurisdiction in matters involving the state are reserved for judicial review. Although plaintiff in the instant claim is seeking to recover funds she asserted were wrongfully withheld, the funds sought for recovery represent a claim for equitable relief and not money damages. See, *Thomas* v. Cleveland State *Univ.,* Ct. of Cl. No. 2008-09422-AD, 2009-Ohio-7071.

{¶ 14} Consequently, this court at the Administrative Determination level has no jurisdiction over claims grounded in equity. Plaintiff' s remedy in seeking return of wrongfully collected funds lies in mandamus. See *State v. Brown*, 156 Ohio App. 3d 120, 2004-Ohio-558. This court is without jurisdiction to grant such relief. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St. 3d 258, 1999-Ohio-53.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SUSAN MARIE SWEENEY

Plaintiff

v.

YOUNGSTOWN STATE UNIVERSITY

Defendant

Case No. 2008-09929-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Susan Marie Sweeney
648 South Salem Warren Road
North Jackson, Ohio  44451

Cynthia A. Kravitz
Assistant Attorney General
Education Section
20 West Federal Street
Third Floor
Youngstown, Ohio  44503

SJM/laa
3/3
Filed 3/10/11
Sent to S.C. reporter 5/27/11