[Cite as *Braun v. Toledo Corr. Inst.*, 2011-Ohio-3857.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JEFFREY R. BRAUN

    Plaintiff

    v.

TOLEDO CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2010-11676-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶ 1} On November 5, 2010, plaintiff, Jeffrey R. Braun, an inmate formerly incarcerated at defendant's Toledo Correctional Institution ("ToCI"), filed this action alleging several items of his personal property were lost while under the control of ToCI staff. Plaintiff explained he was transferred to segregation on April 6, 2010, and his personal property was packed and sent to storage incident to the transfer. Plaintiff pointed out he regained possession of his property in July 2010, and discovered the following items were missing: one KTV digital color TV, Koss headphones, Sony CD player, Masey Kool Junior fan, Coby AC/DC adapter, and a clip-on lamp.

{¶ 2} Plaintiff has alleged his property was lost or stolen as a proximate cause of negligence on the part of ToCI personnel in handling his property. Plaintiff noted he was not present during the pack-up of his property but insisted that all of the listed property was located in his locked cell prior to his transfer to segregation. Plaintiff filed

this complaint seeking to recover $311.62 the total replacement cost of the listed property. Payment of the filing fee was waived.

{¶ 3} Plaintiff submitted an invoice for the purchase of Koss headphones, a CD player, and a KTV television set, dated February 12, 2008.

{¶ 4} Defendant contended plaintiff failed to provide sufficient evidence to establish he delivered Koss headphones, a CD player, a fan, an adapter, and a clip-on lamp, into the custody of ToCI personnel incident to a transfer from the general population to a segregation unit. Defendant disputed plaintiff's assertion he actually possessed the listed property with the exception of the KTV television set on April 6, 2010, when he was transferred to segregation. Defendant acknowledged Corrections Officer Mel Brown confirmed that he packed up plaintiff's television but the other claimed items were not present in plaintiff's cell during the pack up. Defendant denied any of plaintiff's property, with the exception of the television set, was lost as a proximate result of negligence on the part of defendant.

{¶ 5} Plaintiff filed a response suggesting defendant either fabricated or improperly altered the pack-up sheet dated April 6, 2010. In addition, plaintiff seeks an order from the court prohibiting defendant from using any monies awarded as reimbursement for outstanding court costs.

CONCLUSIONS OF LAW

{¶ 6} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964),

176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. In the instant action, the trier of fact does not find the statements offered by plaintiff concerning the delivery and subsequent loss of his property, with the exception of the television set, to be particularly persuasive.

{¶ 7} This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 8} Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 9} Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 10} Negligence on the part of defendant has been shown in respect to the issue of property protection. *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD.

{¶ 11} As trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶ 12} Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶ 13} The standard measure of damages for personal property is market value. *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.

{¶ 14} Evidence has shown plaintiff's television set was more than two years old when the incident forming the basis of this claim occurred. Based on the fact the television set constituted depreciable property, the court finds plaintiff has suffered damages in the amount of $100.00. See *Martin v. Ohio Dep't Rehab. & Corr.*, Ct. of Cl. No. 2009-03151-AD, 2009-Ohio-6364.

{¶ 15} R.C. 5120.133 governs the transmission of funds from an inmate account to satisfy court-ordered payment of court costs. Ohio Adm. Code 5120-5-03 provides the mechanism for the collection of court-ordered costs from inmates. The court of claims lacks jurisdiction to order defendant to refrain from following the mandates promulgated by another court. See *Abdussatar v. Mansfield Corr. Inst.*, Ct. of Cl. No. 2007-09429-AD, 2008-Ohio-3419, *State v. Brown*, 156 Ohio App. 3d 120, 2004-Ohio-558.

Case No. 2006-03532-AD          - 5 -          MEMORANDUM DECISION



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JEFFREY R. BRAUN

   Plaintiff

   v.

TOLEDO CORRECTIONAL INSTITUTION

   Defendant

   Case No. 2010-11676-AD

Deputy Clerk Daniel R. Borchert

<u>ENTRY OF ADMINISTRATIVE</u>
<u>DETERMINATION</u>

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $100.00.  Court costs are assessed against defendant.


DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Jeffrey R. Braun, #504-477
P.O. Box 45699
Lucasville, Ohio  45699

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

SJM/laa
3/24
Filed 4/21/11
Sent to S.C. reporter 8/5/11