[Cite as *State v. Wilson*, 2012-Ohio-1660.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee           :    C.A. CASE NO. 24461, 24496
                                      24501
vs.                              :    T.C. CASE NO. 07CR2134

ANTHONY L. WILSON                :    (Criminal Appeal from
                                         Common Pleas Court)
    Defendant-Appellant          :

. . . . . . . . .

O P I N I O N

Rendered on the 13th day of April, 2012.

. . . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; Andrew T. French, Asst. Pros. Attorney, Atty. Reg. No. 0069384, P.O. Box 972, Dayton, OH  45422

    Attorneys for Plaintiff-Appellee

George A. Katchmer, Atty. Reg. No. 0005031, 108 Dayton Street, Yellow Springs, OH 45387
    Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1}  This matter is before the court on three appeals filed by Defendant, Anthony Wilson, which have been consolidated.

{¶ 2}  Defendant was convicted in 2007 following a jury trial of complicity to commit felonious assault, with a firearm

specification. The trial court sentenced Defendant to seven years in prison. We affirmed Defendant's conviction and sentence on direct appeal. *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525.

{¶ 3} On March 30, 2010, Defendant filed a motion for leave to file an untimely motion for a new trial based upon newly discovered evidence. Defendant claimed that while in prison he discovered a new witness, Brian Davis, who would present exculpatory testimony. The trial court overruled Defendant's motion on a finding Defendant failed to meet his burden under Crim.R. 33 to demonstrate that he was unavoidably prevented from timely discovering the testimony of Brian Davis. Defendant timely appealed the trial court's decision, which gives rise to Case No. CA24496.

{¶ 4} On December 17, 2010, Defendant filed a motion asking the trial court to stay collection of the court costs until after Defendant's release from prison. The trial court denied Defendant's motion and Defendant timely appealed, giving rise to Case No. CA24461.

{¶ 5} On February 23, 2011, Defendant was brought back before the trial court for resentencing pursuant to R.C. 2929.191, in order to correct a defect in the imposition of postrelease control. Defendant objected to the limited scope of the resentencing hearing and requested a new de novo resentencing hearing. The

trial court denied Defendant's request. On that same date, the court filed an amended judgment of conviction which imposed a term of postrelease control, nunc pro tunc to the 2007 judgment of conviction, and also stated that the manner of Defendant's conviction was a jury verdict. Defendant timely appealed, giving rise to Case No. CA24501.

FIRST ASSIGNMENT OF ERROR

{¶ 6} "A TERMINATION ENTRY THAT DOES NOT COMPLY WITH R.C. 2505.02 IS NOT A FINAL APPEALABLE ORDER."

{¶ 7} Defendant argues that because his original 2007 Judgment Entry of Conviction (Termination Entry) did not set forth the manner of his conviction, by jury verdict, it is void and does not constitute a final appealable order per *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, and therefore he is entitled to a new direct appeal.

{¶ 8} Crim.R. 33(C) provides, in pertinent part: "A judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence." *Baker* held that a judgment of conviction which does not set forth the manner of the conviction, by plea, verdict, or findings, fails to comply with Crim.R. 32(C), and therefore is not a final order for purposes of R.C. 2505.02.

{¶ 9} On October 13, 2011, subsequent to the filing of Defendant's brief on appeal, the Supreme Court decided *State v.*

*Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142. *Lester* modified *Baker* and held that a judgment of conviction need not state the manner of conviction, a plea or a verdict, in order to be a final order for purposes of R.C. 2505.02. The judgment need only set forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry of the judgment on the journal by the clerk. *Id*.

{¶ 10} Defendant's 2007 judgment of conviction satisfied the *Lester* requirements. It was a valid final order.

{¶ 11} Defendant's first assignment of error is overruled.

SECOND ASSIGNMENT OF ERROR

{¶ 12} "A LAPSE OF OVER THREE YEARS BETWEEN TRIAL AND SENTENCING VIOLATES THE APPELLANT'S RIGHT TO SPEEDY SENTENCING UNDER CRIM.R. 32(A)."

THIRD ASSIGNMENT OF ERROR

{¶ 13} "THE APPELLANT'S SPEEDY TRIAL RIGHTS WERE VIOLATED BY A THREE YEAR TRIAL."

{¶ 14} These assignments of error are predicated on Defendant's contention that, because imposition of sentence is an integral part of a defendant's trial, the delay between Defendant's original, "void" judgment of conviction entered on December 17, 2007, and the corrected judgment of conviction the court entered on February 23, 2010, stating the manner of his conviction, violates Defendant's statutory and constitutional right to a speedy trial.

In effect, Defendant argues that his trial was ongoing for over three years.

{¶ 15} The December 17, 2007 judgment of conviction was not void for failure to state the manner of Defendant's conviction, as we explained in overruling the first assignment of error. It was complete when journalized because the judgment set forth (1) the fact of the conviction, (2) the sentence imposed, (3) the judge's signature, and (4) a time-stamp indicating entry upon the journal by the clerk. *Lester*. The February 28, 2010 amended judgment of conviction did not add an element necessary to a final order. Defendant's "trial" was concluded when the 2007 judgment of conviction was entered. His speedy trial rights were not violated. Further, Defendant's failure to raise the speedy trial issue in the trial court waives his right to argue the error on appeal.

{¶ 16} Defendant's second and third assignments of error are overruled.

FOURTH ASSIGNMENT OF ERROR

{¶ 17} "THE TRIAL COURT ERRED IN NOT CONDUCTING A FULL SENTENCING HEARING DE NOVO."

{¶ 18} When Defendant appeared in court on February 23, 2011, for a resentencing hearing pursuant to R.C. 2929.191, it was for the limited purpose of correcting a defect in the imposition of postrelease control. Defendant argues that the trial court erred

by limiting that resentencing hearing to the proper imposition of postrelease control and not holding a new, de novo resentencing hearing. We disagree.

{¶ 19} A proceeding to correct defect in notifying a defendant of postrelease control requirements is limited to that matter, and does not require a de novo sentencing proceeding. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. In the present case, the resentencing, which preceded *Lester*, was properly limited to the correction of the postrelease control defect. *State v. Ludy*, 2d Dist. Montgomery No. 24261, 2011-Ohio-4544, at ¶17.

{¶ 20} Defendant's fourth assignment of error is overruled.

FIFTH ASSIGNMENT OF ERROR

{¶ 21} "THE TRIAL COURT ERRED IN FAILING TO STAY APPELLANT'S COSTS, FINES AND RESTITUTION."

{¶ 22} Defendant moved to stay collection of court costs, fines, and restitution on December 17, 2010, when his judgment of conviction was filed. The trial court overruled the motion, citing *State v. Glandon*, 2d Dist. Montgomery No. 20988, 2006-Ohio-39, holding that it lacked jurisdiction to grant the relief Defendant requested.

{¶ 23} Defendant argues that the trial court erred in its reliance on *Glandon*. We agree. *Glandon* involved the court's power to recall execution of a judgment that had imposed costs,

in order to avoid monies from being withheld from a prisoner's account. We found that the defendant's mode of relief to require compliance with the Ohio Administrative Code was through a writ of mandamus.

{¶ 24} Nevertheless, we agree with the trial court that Defendant was not entitled to the relief his motion requested: an order staying the court's imposition of a duty to pay cost, fines and restitution. A court lacks the power to grant that relief absent statutory authority. *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589. Defendant has cited no such authority, and we are aware of none. The court may, upon a finding of indigency, waive costs. R.C. 2949.092. However, that is not the relief Defendant requested.

{¶ 25} Defendant's fifth assignment of error is overruled.

SIXTH ASSIGNMENT OF ERROR

{¶ 26} "THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO FILE A DELAYED MOTION FOR NEW TRIAL."

{¶ 27} Defendant argues that the trial court abused its discretion by overruling his motion for leave to file an untimely motion for a new trial based upon newly discovered evidence.

{¶ 28} The decision whether to grant a motion for a new trial lies within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. *State v. Schiebel*, 55 Ohio St.3d 71, 564 N.E.2d 54 (1990).

{¶ 29} "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248, 1252 (1985). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

{¶ 30} A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo,* would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 31} Pursuant to Crim.R. 33(A)(6), a new trial may be granted when new evidence material to the defense is discovered that the defendant could not with reasonable diligence have discovered and produced at trial. To prevail on a motion for new trial based upon newly discovered evidence, Defendant must show that the new evidence: (1) discloses a strong probability that the result of the trial would be different if a new trial were granted; (2) has been discovered since the trial; (3) is such as could not have been discovered before the trial through the exercise of due diligence; (4) is material to the issues; (5) is not merely cumulative to former evidence; and (6) does not merely impeach

or contradict the former evidence. *State v. Petro*, 148 Ohio St. 505, 76 N.E.2d 370 (1947); *State v. DeVaughns*, 2d Dist Montgomery No. 23720, 2011-Ohio-125.

{¶ 32} Motions for a new trial based upon newly discovered evidence must be filed within one hundred twenty days after the verdict was rendered, unless it appears by clear and convincing proof that the movant was unavoidably prevented from discovering the new evidence, in which case the motion for new trial must be filed within seven days after an order of the court finding that Defendant was unavoidably prevented from discovering the new evidence within the one hundred twenty day period. Crim.R. 33(B).

{¶ 33} Defendant was convicted of complicity to commit felonious assault, with a firearm specification. The conviction was supported by evidence that Defendant handed a firearm to the victim's girlfriend, which she then used to shoot the victim, twice. Defendant's motion for a new trial is predicated upon alleged newly discovered evidence, the testimony of Brian Davis.

{¶ 34} Defendant claims Davis was a witness to the shooting, and that he was unaware of Davis' testimony until they met in February 2010, over two years after Defendant's trial, while both men were incarcerated at London Correctional Institute. According to Defendant, if called to testify at trial Davis would have testified that Defendant did not provide the victim's girlfriend the weapon she used to shoot the victim. Defendant's claim is

supported by an affidavit signed by Davis and dated May 3, 2010.

{¶ 35} The court held an evidentiary hearing on Defendant's motion on October 15, 2010. Defendant and Brian Davis testified at the hearing. The trial court found that Defendant's testimony at the hearing was not credible. The court further found that Defendant knew Davis prior to this shooting, through dealings with him involving the sale of drugs, and that Defendant and Davis interacted on the night of this shooting. Additionally, the trial court pointed out that Davis testified at the hearing on Defendant's motion for a new trial and denied providing the information contained in his affidavit, said that Defendant wrote out his affidavit, and disputed the contents of his affidavit and stated that he could not testify at trial to the information contained in his affidavit. The court also pointed out that Davis testified that he could offer only limited testimony, which is that he saw a girl hollering, and heard gunshots, and then he and Defendant began running. Furthermore, Defendant's witness list filed prior to trial included a "Ryan Davis."

{¶ 36} Following oral argument, Defendant moved to supplement the record with a transcript of the October 15, 2010 hearing on his motion for new trial, and for leave to thereafter file a supplemental brief regarding the testimony of Defendant and Brian Davis at that hearing. We granted Defendant's motion, permitting the parties to file supplemental briefs within twenty days after

the transcript was filed.  The transcript was filed on February 14, 2012.  Defendant has not filed a supplemental brief.  The State filed a notice of its intention to not file a supplemental brief.

{¶ 37} On April 3, 2012, Defendant filed a motion captioned Correction Or Modification Of The Record Pursuant to Appellate Rule 9(E).  Defendant complains that the transcript of the October 15, 2010 hearing that was filed is incomplete because the word "indiscernible" appears at various places in the transcribed testimonies of Defendant and Brian Davis.  App.R. 9(E) authorizes correction of omissions from the record by this court "on proper suggestion or of its own initiative."  Defendant does not identify or suggest what matters were omitted.  The motion is Denied.

{¶ 38} We find no abuse of discretion in the trial court's denial of Defendant's motion for a new trial on the court's finding that Defendant failed to demonstrate by clear and convincing proof that he was unavoidably prevented from discovering the new evidence.

{¶ 39} Defendant's sixth assignment of error is overruled. The judgment of the trial court will be affirmed.

FAIN, J., And HALL, J., concur.

Copies mailed to:

Andrew T. French, Esq.
George A. Katchmer, Esq.
Hon. Mary Katherine Huffman