[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Davis v. Turner*, Slip Opinion No. 2021-Ohio-1771.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-1771

THE STATE EX REL. DAVIS, APPELLANT, *v.* TURNER, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Davis v. Turner*, Slip Opinion No. 2021-Ohio-1771.]**

*Habeas corpus—Erroneous inclusion of a postrelease-control sanction in a judgment entry of conviction does not render the sentencing entry void— Challenges to a sentencing error by a trial court are not cognizable in habeas corpus—Liability for court costs and personal-funds exemption from judgment execution under R.C. 2329.66(A) distinguished—Judgment dismissing petition for writ affirmed—Denial of motion to vacate judgment of court costs affirmed.*

(Nos. 2020-0934 and 2020-1130—Submitted March 2, 2021—Decided May 26, 2021.)

APPEALS from the Court of Appeals for Marion County, No. 9-20-12.

_____

**Per Curiam.**

{¶ 1} Appellant, Randy H. Davis, is incarcerated in the North Central Correctional Complex, where appellee, Neil Turner, is the warden. In case No. 2020-0934, Davis appeals the Third District Court of Appeals' judgment dismissing his habeas corpus complaint. In case No. 2020-1130, Davis appeals separately from the court of appeals' order denying his motion to vacate the assessment of court costs against him. We affirm in both cases.

## I. Background

{¶ 2} Davis was convicted of murder in September 2001 and sentenced to 15 years to life in prison. The trial court's judgment entry also stated that Davis was subject to postrelease control.

{¶ 3} In March 2018, the trial court vacated the postrelease-control portion of Davis's sentence because the offense of murder is a special felony that does not carry a postrelease-control sanction. *See* R.C. 2967.28(B); *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36 (offender convicted of murder is placed on parole if released from prison). The trial court stated that the remainder of Davis's sentence "is entirely proper and remains in effect." The trial court did not journalize a new sentencing entry. Davis later filed a motion for a "corrected judgment entry," which the trial court denied in July 2018.

{¶ 4} Davis filed a complaint for a writ of habeas corpus in the court of appeals in April 2020. Davis alleged that his original sentence is "partially void" due to its improper inclusion of a postrelease-control sanction. Turner filed a motion to dismiss Davis's complaint under Civ.R. 12(B)(6). In a June 2020 judgment entry, the court of appeals found that Davis failed to state any cognizable claim for relief in habeas corpus, dismissed the complaint, and assessed costs against Davis. In case No. 2020-0934, Davis has timely appealed to this court as of right from the judgment dismissing his habeas complaint.

{¶ 5} Following the dismissal of Davis's complaint, the warden's collection designee sent Davis notice of the court's judgment against him for the payment of court costs. *See* Ohio Adm.Code 5120-5-03(C) (requiring the warden's designee to provide notice to an inmate prior to withdrawing any money from the inmate's account to satisfy a court's judgment). Davis submitted a timely, written objection to the warden's collection designee. In his written objection, Davis stated that the funds in his account were exempt from collection under R.C. 2329.66(A)(3), which exempts certain personal funds from execution, garnishment, or attachment to satisfy a judgment or order.

{¶ 6} Davis then filed a document titled "Objection to Judgment for Payment" with the court of appeals, in which he renewed his objection to the imposition of costs against him, claiming an exemption under R.C. 2329.66(A)(3). The court of appeals treated Davis's objection as a motion to vacate court costs and denied the motion. In case No. 2020-1130, Davis has appealed the order denying the motion to vacate court costs.

{¶ 7} The parties have each filed briefs in both appeals. Because both appeals arise from the same proceeding below, we consolidate them for decision in this opinion.

## II. Analysis

### A. Appeal in Case No. 2020-0934

{¶ 8} This court reviews the dismissal of a habeas corpus petition under Civ.R. 12(B)(6) de novo. *State ex rel. Norris v. Wainwright*, 158 Ohio St.3d 20, 2019-Ohio-4138, 139 N.E.3d 867, ¶ 5. To be entitled to a writ of habeas corpus, Davis must show that he is being unlawfully restrained of his liberty, R.C. 2725.01, and that he is entitled to immediate release from prison or confinement, *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10. "A writ of habeas corpus is generally 'available only when the petitioner's maximum sentence has expired and he is being held unlawfully.' " *Leyman v.*

*Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, 59 N.E.3d 1236, ¶ 8, quoting *Heddleston v. Mack*, 84 Ohio St.3d 213, 214, 702 N.E.2d 1198 (1998). Further, habeas corpus is not available when the petitioner has an adequate remedy in the ordinary course of law, unless a trial court's judgment is void for lack of jurisdiction. *Id.* at ¶ 8-9.

{¶ 9} Davis contends that he is imprisoned under a judgment entry of conviction that is "partially void" due to its inclusion of a postrelease-control sanction that was contrary to law. Even though the trial court vacated the postrelease-control sanction in 2018, Davis argues that the trial court failed to issue a corrected sentencing entry. Thus, he argues that his conviction is void because "there are two separate judgment entries controlling appellant's conviction and sentence," in violation of the so-called "one document" rule. *See State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 17-18 (holding that only one document can constitute a final, appealable judgment of conviction), *modified in part on other grounds*, *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus.

{¶ 10} Davis's premise that his original judgment of conviction is "partially void" is incorrect. Though the judgment erroneously imposed postrelease control, that error did not render the judgment void. "A sentence is void when a sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused. When the sentencing court has jurisdiction to act, sentencing errors in the imposition of postrelease control render the sentence voidable, not void * * *." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 42. Accordingly, Davis's sentence is not void. *Id.* And because his maximum sentence of life imprisonment has not yet expired, Davis is not entitled to a writ of habeas corpus.

{¶ 11} Davis's contention that the trial court failed to issue a corrected judgment entry of conviction does not change the result. Davis argues that the

court's failure to issue a corrected judgment entry after vacating the postrelease-control provision means that his conviction violates the "one document rule." Even if this court accepts Davis's contention as true, his argument amounts to nothing more than a challenge to an arguable sentencing error by the trial court. But sentencing errors are not jurisdictional and, therefore, not cognizable in habeas corpus. *State ex rel. Sneed v. Anderson*, 114 Ohio St.3d 11, 2007-Ohio-2454, 866 N.E.2d 1084, ¶ 7.

{¶ 12} Davis acknowledges that he filed a motion requesting that the trial court issue a corrected judgment entry, which the trial court denied. Davis could have appealed the order denying his motion, which would have been an adequate remedy in the ordinary course of law that precludes extraordinary relief. *See State ex rel. Haynie v. Rudduck*, 160 Ohio St.3d 99, 2020-Ohio-2912, 153 N.E.3d 91, ¶ 12-13.

{¶ 13} For these reasons, Davis's claims are not cognizable in habeas corpus. The court of appeals correctly dismissed Davis's complaint.

*B. Appeal in Case No. 2020-1130*

{¶ 14} The court of appeals dismissed Davis's complaint "with costs assessed to [Davis] for which judgment is hereby rendered." Through the date of dismissal, the court costs assessed against Davis totaled $136.95. Davis filed a post-judgment "Objection to Judgment for Payment," which the court of appeals denied as a motion to vacate court costs.

{¶ 15} Davis contends that the funds in his prison account are exempt from execution, garnishment, or attachment to satisfy the judgment for costs. Davis relies on R.C. 2329.66(A)(3), which exempts up to $500 "on deposit with a bank, savings and loan association, credit union, public utility, landlord, or other person, other than personal earnings."[1] Davis avers that he has less than $400 in his prison

---

1. R.C. 2329.66(A)(3) exempts up to $400, but the General Assembly has also prescribed that the Ohio Judicial Conference shall adjust the exemption amounts every three years to reflect increases

account.  And because of the R.C. 2329.66(A)(3) exemption, Davis argues that it was improper for the court of appeals to hold him liable for court costs.

{¶ 16} Davis's argument, however, confuses the issue of liability for costs with the separate issue of executing the judgment for costs.  R.C. 2329.66(A) concerns exemptions that *could* apply upon execution of the judgment for costs. *See UBS Fin. Servs., Inc. v. Lacava*, 8th Dist. Cuyahoga No. 106461, 2018-Ohio-3055, ¶ 46.  The statute does not provide a basis for vacating an assessment of costs against the losing party in a civil case.  To the extent that Davis wants to challenge the prison's garnishment of his funds to satisfy the judgment, he should invoke the procedures established in Ohio Adm.Code 5120-5-03 and seek judicial relief if the prison garnishes funds without following those procedures. *State v. Brown*, 156 Ohio App.3d 120, 2004-Ohio-558, 804 N.E.2d 1021, ¶ 9-12 (10th Dist.).

### III.  Conclusion

{¶ 17} For the foregoing reasons, the court of appeals did not err in dismissing Davis's habeas petition or in denying Davis's motion to vacate the judgment of court costs assessed against him.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Randy H. Davis, pro se.

Dave Yost, Attorney General, and Stephanie L. Watson, Assistant Attorney General, for appellee.

_____

in the consumer price index. *See* R.C. 2329.66(B).  The current exemption amount for moneys described in R.C. 2329.66(A)(3) is $500. *See* http://www.ohiojudges.org/Resources/publications (accessed Apr. 21, 2021) [https://perma.cc/V5EN-ZXF2].