[Cite as *Robinson v. Schweitzer*, 2022-Ohio-568.]

.

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

|                                  |     |                          |
|----------------------------------|-----|--------------------------|
| MARTIN ROBINSON,                 | :   |                          |
| Appellant,                       | :   | CASE NO. CA2021-08-015   |
|                                  | :   | O P I N I O N            |
| - vs -                           |     | 2/28/2022                |
|                                  | :   |                          |
| TOM SCHWEITZER, WARDEN, MADISON CORRECTIONAL INST., | : |      |
|                                  | :   |                          |
| Appellee.                        |     |                          |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CVH20210107

Martin Robinson, pro se.

David A. Yost, Ohio Attorney General, and William H. Lamb, Assistant Attorney General, for appellee.

**PIPER, J.**

{¶1} Appellant, Martin Robinson, appeals a decision of the Madison County Court of Common Pleas dismissing his petition for a writ of habeas corpus. For the reasons discussed below, we affirm the trial court's decision.

{¶2} Robinson was sentenced to prison after a conviction in Lorain County for attempted aggravated murder, six counts of attempted murder, eight counts of felonious

assault and inducing panic. *See State v. Robinson*, 9th Dist. Lorain No. 19CA011495, 2020-Ohio-4502. On June 11, 2021, while imprisoned in Madison Correctional Institution, Robinson filed a writ of habeas corpus with the Madison County Court of Common Pleas. The state filed a motion to dismiss the petition, citing several Ohio Revised Code sections Robinson had failed to comply with in his petition. The state also argued for dismissal pursuant to Civ.R. 12(B)(6) because the writ failed to state a claim upon which relief could be granted.

{¶3} The trial court granted the motion to dismiss the petition and Robinson now appeals, raising seven assignments of error. Because it is dispositive of the appeal, we begin with Robinson's second assignment of error, which challenges the trial court's dismissal of the case.

{¶4} To be entitled to a writ of habeas corpus, the petitioner must establish that he is unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement. R.C. 2725.01; *McKinney v. Haviland*, 162 Ohio St.3d 150, 2020-Ohio-4785; *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184.

{¶5} The trial court dismissed Robinson's petition for multiple reasons: 1) because Robinson failed to file a list of civil actions with the petition; 2) Robinson was not incarcerated in the county in which the petition was filed; 3) Robinson failed to file commitment papers with the petition; and 4) because the petition failed to state a claim upon which relief could be granted.

{¶6} Inmates who file a civil action against a government employee or entity must comply with specific filing requirements pursuant to R.C. 2969.25. Robinson failed to comply with these requirements, as his petition did not include an "affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." R.C. 2969.25. This section is mandatory

and failure to satisfy this statutory requirement is grounds for dismissal of a habeas corpus petition. *State ex rel. Washington v. Ohio Adult Parole Auth.,* 87 Ohio St.3d 258, 1999-Ohio-53.

{¶7}     The trial court also determined that Robinson failed to file commitment papers with his petition as required by R.C. 2725.04(D).  These papers must be included with the petition and noncompliance is fatal to a habeas claim.  *Day v. Wilson*, 116 Ohio St.3d 566, 2008-Ohio-82.

{¶8}     In addition, the trial court found that Robinson's petition was not filed in the county in which he was incarcerated as required by R.C. 2725.03.  At the time the trial court considered the motion to dismiss the petition, Robinson was incarcerated in Lucas County. Although venue for Robinson's petition appears to have been proper in Madison County when the petition was initially filed, Robinson's transfer to Lucas County divested the Madison County Court of jurisdiction.  *Lopez v. Warden*, 11th Dist. Trumbull No. 2017-T-0015, 2017-Ohio-7460.

{¶9}     In a related argument in his fourth assignment of error, Robinson alleges that the Madison County court did not review case law, because it could have transferred the case to Lucas County.  However, upon reviewing the applicable case law, this court finds that once Robinson was transferred out of Madison County, the Madison County court no longer had jurisdiction, and lacked the authority to transfer the petition.  *Id*. at ¶ 13; *State ex rel. Harris v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No 19AP-42, 2019-Ohio-2344, ¶ 6.  Moreover, transfer of venue would not resolve the deficiency in the petition because the named respondent does not have custody of Robinson.  *See Lopez* at ¶ 7.

{¶10} Likewise, in his third assignment of error, Robinson argues that the court could have allowed him to correct the faults in the petition and to explain his failure to comply.  It is well established that a petitioner must strictly comply with the requirements for

filing a petition for habeas corpus and the failure to do so is grounds for dismissal. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271. Moreover, compliance is mandatory and cannot be cured after filing. *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 2; *Boyd v. Money*, 82 Ohio St.3d 388, 1998-Ohio-221.

{¶11} Finally, even if Robinson had complied with the statute's procedural requirements, his petition fails to state a claim upon which relief can be granted. In his petition, Robinson argues that he is entitled to release because he was forced to appear at trial in prison clothes. Robinson had an adequate remedy in the ordinary course of the law for this claim, as it could have been raised on direct appeal.

{¶12} A writ of habeas corpus is an extraordinary remedy available only in cases "where there is an unlawful restraint of a person's liberty and no adequate remedy at law." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 8. Unless a trial court's judgment is void for lack of jurisdiction, habeas corpus is not available when the petitioner has an adequate remedy in the ordinary course of law. *State ex rel. Davis v. Turner*, 164 Ohio St.3d 395, 2021-Ohio-1771, ¶ 8; *Heddleston v. Mack*, 84 Ohio St.3d 213, 214, 1998-Ohio-320. Because Robinson had an adequate remedy at law by way of appeal to challenge this issue, his habeas corpus petition fails to state a claim upon which relief can be granted.

{¶13} In conclusion, we find no merit to the arguments in Robinson's second, third and fourth assignments of error and they are overruled. Because the trial court did not err in dismissing the petition, Robinson's remaining assignments of error are moot.

{¶14} Judgment affirmed.

M. POWELL, P.J., and HENDRICKSON, J., concur.