[Cite as *State v. Harp*, 2017-Ohio-9096.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


STATE OF OHIO,                          :

    Plaintiff-Appellee,                 :           CASE NO.   CA2016-11-072

                                        :                O P I N I O N
- vs -                                                       12/18/2017

                                        :

DONALD KEITH HARP,                      :

    Defendant-Appellant.                :


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2014 CR 00499


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Scott N. Blauvelt, 315 South Monument Avenue, Hamilton, Ohio 45011, for defendant-appellant


**RINGLAND, J.**

{¶ 1} Defendant-appellant, Donald K. Harp, appeals from the decision of the Clermont County Court of Common Pleas sentencing him to serve a mandatory term of 36 months in prison after resentencing following his plea of no contest to one count of illegal assembly or possession of chemicals for the manufacture of methamphetamine. For the reasons outlined below, we affirm.

{¶ 2} We have previously detailed the facts of Harp's case as follows:

{¶ 3} On September 4, 2014, the Clermont County Grand Jury returned an indictment charging Harp with one count of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A), a third-degree felony. According to the bill of particulars, the charges stemmed from allegations that on January 4, 2014, police observed Harp purchasing items commonly used in the manufacture of methamphetamine from a Meijer store located in Milford, Clermont County, Ohio. Police stopped Harp and found him to be in possession of numerous items necessary for the manufacture of methamphetamine. Harp admitted the same. It is undisputed that Harp had prior convictions for trafficking in marijuana in violation of R.C. 2925.03(A)(1), a fourth-degree felony; possession of marijuana in violation of R.C. 2925.11(A), a third-degree felony; and illegal assembly or possession of chemicals for the manufacture of methamphetamine in violation of R.C. 2925.041(A), also a third-degree felony.

{¶ 4} On September 10, 2014, Harp entered a plea of not guilty. However, on October 8, 2015, after the trial court decided a number of other issues not relevant to this appeal, Harp withdrew his not guilty plea and entered a plea of no contest to the single charged offense. After accepting Harp's no contest plea, the trial court found Harp guilty as charged. The trial court then held a sentencing hearing and sentenced Harp to serve a mandatory term of 36 months in prison. In so holding, the trial court stated that it was required to impose a mandatory 36-month prison sentence in light of this court's decision in *State v. Young*, 12th Dist. Warren No. CA2014-05-074, 2015-Ohio-1347, a decision that addressed a similarly situated defendant found guilty of illegal assembly or possession of chemicals for the manufacture of methamphetamine.

{¶ 5} As further discussed below, Harp appealed from the trial court's sentence arguing the trial court erred by misinterpreting our decision in *Young* as requiring it to

sentence him to a mandatory term of 36 months in prison. *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 6 (*Harp I*). This court sustained Harp's sole assignment of error and reversed and remanded the case for resentencing. *Id.* at ¶ 16.

{¶ 6} On remand, the trial court found it was required to sentence Harp to a mandatory prison term, and thereafter, sentenced Harp to a mandatory prison term of 36 months. Harp timely appealed.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED IN IMPOSING A MANDATORY PRISON TERM WHICH SENTENCE WAS CONTRARY TO LAW.

{¶ 9} Harp contends the trial court misinterpreted our holdings in *Young* and *Harp I* upon remand, leading to its imposition of a sentence clearly and convincingly contrary to law. Harp argues the pertinent statutory provisions further conflict beyond the conflict we found in *Young* and *Harp I*, and therefore, the rule of lenity required the trial court to make a finding against the imposition of a mandatory prison term.

{¶ 10} R.C. 2953.08(G)(2) sets forth the standard of review for all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; *accord State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. Pursuant to R.C. 2953.08(G)(2), when hearing an appeal of a trial court's felony sentencing decision, "[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing."

{¶ 11} As explained in *Marcum*, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." *Marcum* at ¶ 9. Rather, pursuant to R.C. 2953.08(G)(2), an appellate court may only "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if the court finds by clear and convincing evidence "(a) [t]hat the record does

not support the sentencing court's findings[,]" or "(b) [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a)-(b). A sentence is not "clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8, citing *State v. Moore*, 12th Dist. Clermont No. CA2014-02-016, 2014-Ohio-5191, ¶ 6.

{¶ 12} Our opinions in *Young* and *Harp I* previously analyzed the available sentences a trial court may impose for a similarly situated defendant found guilty of illegal assembly or possession of chemicals for the manufacture of methamphetamine. Specially, R.C. 2929.14(A)(3), which governs prison terms for third-degree felonies, states:

> (a) For a felony of the third degree that is a violation of [R.C.] 2903.06, 2903.08, 2907.03, 2907.04, 2907.05, or 3795.04 * * * or that is a violation of [R.C.] 2911.02 or 2911.12 * * * if the offender previously has been convicted of or pleaded guilty in two or more separate proceedings to two or more violations of [R.C.] 2911.01, 2911.02, 2911.11, or 2911.12 * * *, the prison term shall be twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months.
>
> (b) For a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months.

"The statutory provisions listed in R.C. 2929.14(A)(3)(a) refer to certain vehicular offenses, certain sexual offenses, * * * robbery[,] and burglary." *Harp I*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921 ¶ 9. Thus, "illegal assembly of chemicals for the manufacture of drugs i[s] not an offense listed in R.C. 2929.14(A)(3)(a)" and Harp's "maximum sentence for violating R.C. 2925.041" pursuant to R.C. 2929.14(A)(3)(a) and (b) "would be 36 months in prison." *Id.*

{¶ 13} R.C. 2925.041 governs illegal assembly of chemicals for the manufacture of

drugs and states, in relevant part:

> (C) Whoever violates this section is guilty of illegal assembly or possession of chemicals for the manufacture of drugs. Except as otherwise provided in this division, illegal assembly or possession of chemicals for the manufacture of drugs is a felony of the third degree, and * * * the court shall impose a mandatory prison term * * * as follows:
>
> (1) Except as otherwise provided in this division, there is a presumption for a prison term for the offense. * * * If the offender two or more times previously has been convicted of or pleaded guilty to a felony drug abuse offense and if at least one of those previous convictions or guilty pleas was to a violation of division (A) of this section, a violation of [R.C. 2919.22(B)(6)] * * * , or a violation of [R.C. 2925.04(A)], the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the third degree that is not less than five years.

{¶ 14} Thus, "pursuant to R.C. 2925.041(C)(1), [Harp's] mandatory sentence for violating R.C. 2925.041 would be [five years] in prison." *Harp I* at ¶ 9, citing *Young*, 12th Dist. Warren No. CA2014-05-074, 2015-Ohio-1347, ¶ 38-41. Accordingly, in *Harp I*, we found a conflict existed between the length of a possible sentence for Harp's third-degree felony conviction pursuant to R.C. 2925.041(C)(1) and R.C. 2929.14(A)(3). *Harp I* at ¶ 14, discussing *Young* at ¶ 46. This court further found the circumstances of this case mirrored the circumstances of *Young*, and therefore, applied the rule of lenity to resolve the conflict. *Id.* at ¶ 15. R.C. 2901.04(A) codifies the rule of lenity and provides that "sections of the revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." Accordingly, we found the trial court may "exercise its discretion" in resentencing Harp to one of the prison terms set forth in R.C. 2929.14(A)(3)(b) up to 36 months. *Harp I* at ¶ 12.

{¶ 15} As stated above, upon remand, the trial court sentenced Harp to a mandatory 36-month prison term. Thereafter, the focus of Harp's arguments shifted from the length of the prison term to whether the prison term must be mandatory. Harp contends the differing

language of R.C. 2925.041(C)(1) and R.C. 2929.14(A)(3)(a)-(b) demonstrates the statutes provide authority for the imposition of mandatory prison terms in the former, but not the latter. Specifically, R.C. 2915.041(C)(1) states, in pertinent part, "the court shall impose as a mandatory prison term * * *[,]" whereas, R.C. 2929.14(A)(3)(a)-(b) does not contain such language.

{¶ 16} Harp further contends R.C. 2925.041(C)(1) conflicts with R.C. 2929.13(F), which sets forth a list of offenses requiring imposition of mandatory prison terms. Specifically, Harp cites R.C. 2929.13(F)(5), which provides a list of felony drug offenses requiring imposition of mandatory prison terms. In so doing, Harp contends the absence of R.C. 2925.041 from the list in R.C. 2929.13(F)(5) creates a conflict between the two statutes regarding whether to impose a mandatory prison term. Therefore, Harp argues the rule of lenity should likewise apply to this asserted conflict and result in a finding that a prison term for violating R.C. 2925.041(C) not be mandatory. Collectively, Harp contends this court should resolve the two asserted conflicts by using the rule of lenity to find that Harp's sentence was clearly and convincingly contrary to law because the trial court "employed a sentencing hybrid between [R.C.] 2929.14(A)(3)(b) and R.C. 2925.041(C)(1)[, which] * * * required [it] to impose a prison term within the range provided" by the former, which is "mandatory" pursuant to the latter.

{¶ 17} Harp cites our opinions in *Young* and *Harp I* and a Fourth District opinion that followed our reasoning in *Young* to support his conflict arguments. However, the case law cited by Harp only concerns the length of a prison term authorized for the present offense in light of the conflict between R.C. 2925.041(C)(1) and R.C. 2929.14(A)(3)(b). As discussed above, *Harp I* concerned only whether *Young* interpreted the two statutes as requiring that a three-year prison term be imposed, and thus, providing the trial court with no discretion to impose a prison term of a different duration within R.C. 2929.14(A)(3)(b). The case law cited

- 6 -

by Harp does not address the issue of whether the mandatory prison term requirement in R.C. 2925.041(C)(1) conflicts with R.C. 2929.14(A)(3)(b) or R.C. 2929.13(F). *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 11 ("[a] reported decision, although a case where the question might have been raised, is entitled to no consideration whatever as settling * * * a question not passed upon or raised at the time of the adjudication").

{¶ 18} Next, we turn to the plain language of the statutes to fully address Harp's conflict arguments. R.C. 2929.14(A)(3)(b) does not specifically provide whether the prison terms authorized therein for third-degree felony offenses are to be mandatory. Rather, R.C. 2929.14(A)(3)(b) exclusively addresses the duration of prison terms of third-degree felonies. Whereas, R.C. 2925.041(C)(1) does provide guidance for a trial court to impose a mandatory prison term for a violation thereof. However, contrary to Harp's assertion otherwise, we do not find a conflict in the two statutes based on the mere fact that one references mandatory prison terms, while the other concerns the length of prison terms without specifically addressing whether the sentences are mandatory or non-mandatory. To find otherwise would result in statutory conflicts for all third-degree felonies prescribing mandatory prison terms. Rather, R.C. 2925.041(C)(1) provides guidance for the trial court in imposing a mandatory prison term within the parameters prescribed by R.C. 2929.14(A)(3)(b) for third-degree felonies. Therefore, no ambiguity exists in the statutes with respect to mandatory prison terms and the rule of lenity need not be applied. *State v. Sheets*, 12th Dist. Clermont No. CA2006-04-032, 2007-Ohio-1799, ¶ 28.

{¶ 19} Harp argues a second statutory conflict exists between R.C. 2925.041(C)(1) and R.C. 2929.13(F) because the latter lists certain felony drug offenses requiring the imposition of mandatory prison, and notably, does not include the former. Harp asserts the plain language of R.C. 2929.13(F) does not provide authority to a trial court to impose mandatory prison terms for a violation of R.C. 2925.041(C)(1). However, R.C. 2929.13(F)

does not prevent the General Assembly from providing additional statutory authority elsewhere within the revised code for the imposition of mandatory prison terms. Rather, the General Assembly did such with respect to R.C. 2925.041(C)(1) by specifically providing such authority to the trial court. Thus, the two statutes do not conflict with one another, but rather, concurrently provide trial courts with authority to impose mandatory prison terms for the offenses listed therein.

{¶ 20} Accordingly, we find that R.C. 2925.041(C)(1) neither conflicts with R.C. 2929.14(A)(3)(b) nor R.C. 2929.13(F). The trial court sentenced Harp to a 36-month mandatory prison term within the parameters of the relevant statutes; therefore, Harp's sentence is not clearly and convincingly contrary to law and Harp's sole assignment of error is hereby overruled.

{¶ 21} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J.