[Cite as *State v. Mason*, 2018-Ohio-3329.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

       Plaintiff-Appellee

-vs-

TROY A. MASON

       Defendant-Appellant

JUDGES:
Hon. John W. Wise, P. J.
Hon. Patricia A. Delaney, J.
Hon. Earle E. Wise, Jr., J.

Case No. CT2017-0083

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. CR2017-0129 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | August 17, 2018 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| D. MICHAEL HADDOX PROSECUTING ATTORNEY GERALD V. ANDERSON II ASSISTANT PROSECUTOR 27 North Fifth Street, P.O. Box 189 Zanesville, Ohio 43701 | PATRICK T. CLARK ASSISTANT PUBLIC DEFENDER 250 East Broad Street Suite 1400 Columbus, Ohio 43215 |

*Wise, John, P. J.*

{¶1}    Defendant-Appellant Troy A. Mason appeals from his convictions, in the Muskingum County Court of Common Pleas, on thirty-three felony counts of tampering with records and/or forgery. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2}    Between July 2014 and December 2016, Appellant Mason was charged and convicted in eight misdemeanor cases filed in the Zanesville Municipal Court. Throughout the various arrest, processing, and prosecution stages of these misdemeanor cases, appellant pretended to be his brother, Robert Mason. Appellant accordingly signed certain complaints, jail records, affidavits, and guilty plea forms with Robert's name. Appellant later confessed to law enforcement officials that he had used his brother's name in this fashion.

{¶3}    On March 29, 2017, Appellant Mason was indicted by the Muskingum County Grand Jury on eight felony counts of tampering with records (R.C. 2913.42(A)(1)) and twenty-five felony counts of forgery (R.C. 2913.31(A)(2)). Appellant pled not guilty, and the matter proceeded to a jury trial on August 29, 2017. Prior to going forward, the State dismissed Count 30, one of the forgery counts.

{¶4}    After hearing the evidence and arguments, the jury found appellant guilty of twenty-four counts of forgery and eight counts of tampering with records. On September 8, 2017, appellant filed a Crim.R. 29(C) motion for acquittal after the verdict, which the trial court denied via a judgment entry on September 11, 2017.

{¶5}    At sentencing, the State and appellant stipulated to merger of offenses as follows:

Count 1 (tampering with records) was merged with Counts 2, 3, 4, 5, and 6 (all forgery).

Count 7 (tampering with records) was merged with Counts 8, 9, and 10 (all forgery).

Count 11 (tampering with records) was merged with Counts 12, 13, 14, and 15 (all forgery).

Count 16 (tampering with records) was merged with Counts 17, 18 and 19 (all forgery).

Count 20 (tampering with records) was merged with Counts 21, 22, 23, 24, and 25 (all forgery).

Count 26 (tampering with records) was merged with Counts 27 and 28 (both forgery).

Count 29 (tampering with records) was merged with Count 31 (forgery).

Count 32 (tampering with records) was merged with Count 33 (forgery).

{¶6} Although the State and appellant proposed a jointly recommended sentence of five years in prison, the trial court rejected same and ordered appellant on October 10, 2017 to serve eight consecutive eighteen-month terms, for an aggregate prison sentence of twelve years. A *nunc pro tunc* sentencing entry, correcting a scrivener's error, was issued on October 25, 2017.

{¶7} On November 9, 2017, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

**{¶8}** "I. THE TRIAL COURT VIOLATED TROY MASON'S RIGHT TO DUE PROCESS AND A FAIR TRIAL WHEN, IN THE ABSENCE OF SUFFICIENT EVIDENCE, IT OVERRULED HIS CRIM.R. 29(C) MOTION FOR ACQUITTAL ON COUNTS 1, 7, 11, 16, 20, 26, AND 32 OF THE INDICTMENT."[1]

I.

**{¶9}** In his sole Assignment of Error, appellant argues the trial court erred and violated his rights to due process and a fair trial by overruling his motion for acquittal. We disagree.

**{¶10}** An appellate court reviews a denial of a Crim.R. 29 motion for acquittal using the same standard used to review a sufficiency of the evidence claim. *See State v. Larry*, 5th Dist. Holmes No. 15CA011, 2016-Ohio-829, ¶ 20, citing *State v. Carter* (1995), 72 Ohio St.3d 545, 553, 651 N.E.2d 965, 1995–Ohio–104. Thus, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

**{¶11}** In the case *sub judice*, appellant was convicted of tampering with records in violation of R.C. 2913.42(A)(1), which states:

**{¶12}** "No person, knowing the person has no privilege to do so, and with the purpose to defraud, or knowing that the person is facilitating a fraud, shall *** "[f]alsify,

---

[1] We note appellant does not challenge the remaining count of tampering with records (Count 29) in the text of his assigned error.

destroy, remove, conceal, alter, deface, or mutilate any writing, computer software, data, or record."

**{¶13}** Appellant was also convicted of forgery in violation of R.C. 2913.31(A)(2), which states:

**{¶14}** "No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall *** [f]orge any writing so that it purports to be genuine when it is actually spurious, or to be the act of another who did not authorize the act, or to have been executed at a time or place or with terms different from what in fact was the case, or to be a copy of an original when no such original existed."

**{¶15}** In raising his argument as to sufficiency of the evidence, appellant does not herein factually dispute that he repeatedly forged his brother's signature and fraudulently presented himself to law enforcement and court officials as charged; his present focus is on the legislative meaning behind the tampering with records statute.

**{¶16}** As a general rule, issues of statutory construction are reviewed *de novo* by appellate courts. *Divernuity Properties, L.L.C. v. Stark Cty. Bd. of Revision*, 5th Dist. Stark No. 2012 CA 00048, 2012-Ohio-4364, ¶ 16. It is a well-established principle of statutory construction that a statute is to be read, to the extent practicable, to give effect to all its parts. *See Weckbacher v. Sprintcom, Inc.*, 5th Dist. Stark No. 2006 CA 00033, 2006-Ohio-4398, 2006 WL 2459077, ¶ 9. *See, also*, R.C. 1.47(B).

**{¶17}** As an initial matter, appellant concedes that the Ohio Supreme Court's decision in *State v. Brunning*, 134 Ohio St.3d 438, 2012-Ohio-5752, 983 N.E.2d 316, indicates that a person may be convicted of tampering with records pursuant to R.C. 2913.42 if he or she files a form with law enforcement containing false information with

a purpose to defraud. *Id.* at ¶ 32. However, appellant urges that *Brunning*, which involved a convicted sex offender filing an address-verification form with a county sheriff, does not address the issues raised herein.

**{¶18}** Appellant first urges that the term "falsify" in the records tampering statute, R.C. 2913.42(A)(1), *supra*, is ambiguous. He directs us to the textual canon of *noscitur a sociis*, which "interprets a general term to be similar to more specific terms in a series." *See In re R.V.*, 2nd Dist. No. 2009-CA-107, 190 Ohio App.3d 313, 2010-Ohio-5050, 941 N.E.2d 1216, ¶ 24. (Grady, J., dissenting). Appellant accordingly posits that the remaining terms set forth in R.C. 2913.42(A)(1), namely "destroy," "remove," "conceal," "alter," "deface," and "mutilate" are indicative of acts involving an *existing* record or documents, and that interpreting "falsify" to mean creating a forged document for the first time would be inconsistent with those terms.

**{¶19}** Appellant secondly asks us to consider R.C. 2913.42(A)(1) *in pari materia* with R.C. 2913.31(A)(2), contending that if a person indeed "falsifies" a record by creating one, then the two statutes in this context have identical elements, rendering one of them surplusage.

**{¶20}** Should we accept that the term "falsify" in the records tampering statute is ambiguous, appellant urges that we apply the rule of lenity, which is codified in R.C. 2901.04(A) and generally provides that "sections of the revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." *See State v. Harp*, 12th Dist. Clermont No. CA2016-11-072, 2017-Ohio-9096, 91 N.E.3d 761, ¶ 14.

**{¶21}**  However, the principles of statutory construction also indicate that separate terms should reasonably be given distinct meaning. *See D.A.B.E., Inc. v. Toledo–Lucas County Bd. of Health,* 96 Ohio St.2d 250, 254, 2002-Ohio-4172, 773 N.E.2d 536 (stating "all words [in a statute] should have effect and no part should be disregarded").  The term "falsify" has been commonly defined as "to state untruthfully or alter in order to deceive." *Dept. of Pub. Safety v. Garrett*, 4th Dist. Ross No. 94-CA-2031, 1995 WL 363248, citing *The American Heritage Dictionary,* 1976. As the State aptly argues in its response herein, if "falsify" in the records tampering statute (R.C. 2913.42(A)(1)) was legislatively intended to mean only the act of "alter[ing]" an existing document or record, then one statutory term would be unnecessary and would have to be disregarded. Because the General Assembly did include the distinct prohibition against falsifying under R.C. 2913.42(A)(1), we find that appellant's acts of untruthfully using his brother's name on official documents were sufficient to effect the violations of the records tampering statute as charged.

**{¶22}**  Accordingly, appellant's sole Assignment of Error is overruled.

**{¶23}**  For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.

By: Wise, John, P. J.
Delaney, J., and
Wise, Earle, J., concur.

.
JWW/d 0731