[Cite as *State v. Mason*, 2023-Ohio-1200.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. CT2022-0086 |
| TROY A. MASON | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common Pleas, Case No. CR2017-0129


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      April 10, 2023


APPEARANCES:

For Plaintiff-Appellee

RONALD L. WELCH
PROSECUTING ATTORNEY
JOHN CONNOR DEVER
ASSISTANT PROSECUTOR
27 North Fifth Street, P. O. Box 189
Zanesville, Ohio 43702

For Defendant-Appellant

TROY A. MASON
PRO SE
NOBLE CORR. INSTITUTION
15708 McConnelsville Road
Caldwell, Ohio 43724

*Wise, J.*

{¶1} Defendant-Appellant Troy A. Mason appeals the November 21, 2022, decision of the Muskingum County Court of Common Pleas denying his motion for resentencing.

{¶2} Appellee is the State of Ohio.

{¶3} Preliminarily, we note this case is before this Court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶4} One of the most important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶5} This appeal shall be considered in accordance with the aforementioned rules.

## STATEMENT OF THE FACTS AND CASE

{¶6} The relevant facts leading to this appeal are as follows.

{¶7} Between July 2014 and December 2016, Appellant Troy A. Mason was charged and convicted in eight misdemeanor cases filed in the Zanesville Municipal Court. Throughout the various arrest, processing, and prosecution stages of these misdemeanor cases, Appellant pretended to be his brother, Robert Mason. Appellant

accordingly signed certain complaints, jail records, affidavits, and guilty plea forms with Robert's name. Appellant later confessed to law enforcement officials that he had used his brother's name in this fashion.

{¶8} On March 29, 2017, Appellant Mason was indicted by the Muskingum County Grand Jury on eight (8) felony counts of tampering with records, in violation of R.C. §2913.42(A)(1), and twenty-five (25) felony counts of forgery, in violation of R.C. §2913.31(A)(2). Appellant pled not guilty, and the matter proceeded to a jury trial on August 29, 2017. Prior to going forward, the State dismissed Count 30, one of the forgery counts.

{¶9} After hearing the evidence and arguments, the jury found Appellant guilty of twenty-four (24) counts of forgery and eight (8) counts of tampering with records.

{¶10} On September 8, 2017, Appellant filed a Crim.R. 29(C) motion for acquittal after the verdict, which the trial court denied via a judgment entry on September 11, 2017.

{¶11} At sentencing, the State and Appellant stipulated to merger of offenses as follows:

Count 1 (tampering with records) was merged with Counts 2, 3, 4, 5, and 6 (all forgery).

Count 7 (tampering with records) was merged with Counts 8, 9, and 10 (all forgery).

Count 11 (tampering with records) was merged with Counts 12, 13, 14, and 15 (all forgery).

Count 16 (tampering with records) was merged with Counts 17, 18 and 19 (all forgery).

Count 20 (tampering with records) was merged with Counts 21, 22, 23, 24, and 25 (all forgery).

Count 26 (tampering with records) was merged with Counts 27 and 28 (both forgery).

Count 29 (tampering with records) was merged with Count 31 (forgery).

Count 32 (tampering with records) was merged with Count 33 (forgery).

**{¶12}** Although the State and Appellant proposed a jointly recommended sentence of five (5) years in prison, the trial court rejected same and by Judgment Entry filed October 10, 2017, sentenced Appellant to serve eight (8) consecutive eighteen (18) month terms, for an aggregate prison sentence of twelve (12) years. A *nunc pro tunc* sentencing entry, correcting a scrivener's error, was issued on October 25, 2017.

**{¶13}** On November 9, 2017, Appellant appealed to this Court, which by Opinion and Entry filed August 27, 2018, upheld his convictions and sentence, and affirmed the judgment of the trial court. *See State v. Troy A. Mason*, 5th Dist. Muskingum County No. CT2017-0083, 2018-Ohio-3329.

**{¶14}** On October 23, 2018, Appellant filed an application to reopen pursuant to App.R. 26(B).

**{¶15}** By Judgment Entry filed January 14, 2019, this Court denied said application.

**{¶16}** On January 25, 2019, Appellant filed a motion for reconsideration.

**{¶17}** By Judgment Entry filed April 15, 2019, this Court denied Appellant's motion.

**{¶18}** On May 22, 2019, Appellant filed a notice of appeal to the Ohio Supreme Court.

**{¶19}** On October 3, 2019, Appellant's motion was denied, and the Supreme Court declined to accept jurisdiction.

**{¶20}** On February 28, 2022, Appellant filed a motion to correct an illegal sentence with the trial court.

**{¶21}** By Judgment Entry filed March 3, 2022, the trial court denied Appellant's motion.

**{¶22}** Appellant appealed to this Court which, by Opinion and Entry filed July 14, 2022, denied Appellant's two assignments of error and affirmed the decision of the trial court. *State v. Mason,* 5th Dist. Muskingum No. CT2022-0020, 2022-Ohio-2443.

**{¶23}** On November 7, 2022, Appellant filed a motion for resentencing.

**{¶24}** By Judgment Entry filed November 22, 2022, the trial court denied Appellant's motion.

**{¶25}** Appellant now appeals, raising the following error for review:

<u>**ASSIGNMENT OF ERROR**</u>

**{¶26}** "I. SENTENCING COURT ABUSED ITS DISCRETION WHEN IT HAS THE AUTHORITY, BUT FAILED TO DO SO, RE-SENTENCE DEFENDANT-APPELLANT TO A MISDEMEANOR JURISDICTION SENTENCE WHEN THE FELONY JURISDICTION

SENTENCES ARE VOID AS TO COUNTS 1, 7, 11, 16, 20, 26, 29 AND 32 IN VIOLATION OF ORC ANN. 2913.42 SECTION 2913.42(A)(1)."

### I.

**{¶27}** In his sole Assignment of Error, Appellant argues the trial court erred in denying his motion for resentencing. We disagree.

**{¶28}** Upon review, we find that Appellant's motion for resentencing is actually another petition for post-conviction relief under R.C. §2953.21. Where a criminal defendant, subsequent to direct appeal, files a motion seeking to vacate or correct his sentence on the basis that his constitutional rights were violated, such a motion is a petition for post-conviction relief under R.C. §2953.21. *State v. Reynolds,* 79 Ohio St.3d 158, 160, 679 N.E.2d 1131, 1997-Ohio-304.

**{¶29}** R.C. §2953.21 provides a petition for post-conviction relief must be filed no later than 180 days after the date on which the trial transcript is filed in the Court of Appeals in the direct appeal, or if no appeal is taken, no later than 180 days after the expiration of the time for filing the appeal.

**{¶30}** Here, Appellant pursued his direct appeal in November, 2017. His motion for resentencing (petition) was filed more than five years later. A trial court has no jurisdiction to hear an untimely petition for post-conviction relief unless the movant meets requirements set out in R.C. §2953.23(A). *State v. Walker,* 5th Dist. No. 12–CAA–020010, 2012–Ohio–3095, *citing State v. Demastry,* 5th Dist. No. 05CA–14, 2005–Ohio–4962 ¶ 15.

**{¶31}** Furthermore, under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and

litigating in any proceeding, other than a direct appeal from the judgment, any defense or lack of due process that was raised or could have been raised at the trial which resulted in the judgment of conviction, or on appeal from that judgment. *State v. Szefcyk,* 77 Ohio St.3d 93, 1996–Ohio–337, 671 N.E.2d 233, syllabus.

**{¶32}** Upon review, we find that the issues raised by Appellant in his motion for resentencing and in the instant appeal are issues which were cognizable on direct appeal from his judgment of conviction and sentence, and Appellant's collateral attack on the judgment on these grounds is barred by *res judicata. State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. Appellant could have raised the claimed error as to sentencing in his direct appeal, but failed to do so.

**{¶33}** Accordingly, Appellant's Assignment of Error is overruled.

**{¶34}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.

By: Wise, J.

Hoffman, P. J., and

King, J., concur.

JWW/kw 0405