[Cite as *State v. Mason*, 2024-Ohio-346.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Andrew J. King, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2023-0080 |
| TROY A. MASON | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from the Muskingum County Court of Common Pleas, Case No. CR2017-0129

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      February 1, 2024

APPEARANCES:

For Plaintiff-Appellee

RONALD WELCH
Muskingum County Prosecutor
BY: JOHN CONNOR DEVER
27 N. 5th St., Ste 201
Zanesville, OH 43701

For Defendant-Appellant

TROY A. MASON, PRO SE
15708 McConnelsville Road
Caldwell, OH 43724

*Gwin, P.J.*

{¶1}    Appellant Troy Mason appeals the September 21, 2023 judgment entry of the Muskingum County Court of Common Pleas denying his motion to vacate judgment entry of sentence.  Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}    Between July 2014 and December 2016, appellant was charged and convicted in eight misdemeanor cases filed in the Zanesville Municipal Court.  Throughout the various arrest, processing, and prosecution stages of these misdemeanor cases, appellant pretended to be his brother, Robert Mason.  Appellant signed certain complaints, jail records, affidavits, and guilty plea forms with Robert's name.  Appellant later confessed to law enforcement officials that he had used his brother's name in this fashion.

{¶3}    On March 29, 2017, appellant was indicted by the Muskingum County Grand Jury on eight felony counts of tampering with records in violation of R.C. 2913.42(A)(1) and twenty-five felony counts of forgery in violation of R.C. 2913.31(A)(2). Appellant pled not guilty, and the matter proceeded to a jury trial on August 28, 2017. Prior to the trial, the State dismissed Count 30, one of the forgery counts.

{¶4}    The jury found appellant guilty of twenty-four counts of forgery and eight counts of tampering with records.  Appellant filed a Criminal Rule 29(C) motion for acquittal after the verdict.  The trial court denied the motion on September 11, 2017.

{¶5}    At sentencing, the State and appellant stipulated to the merger of offenses as follows:  Count 1 (tampering with records) was merged with Counts 2, 3, 4, 5, and 6 (all forgery); Count 7 (tampering with records) was merged with Counts 8, 9, and 10 (all

forgery); Count 11 (tampering with records) was merged with Counts 12, 13, 14, and 15 (all forgery); Count 16 (tampering with records) was merged with Counts 17, 18, and 19 (all forgery); Count 20 (tampering with records) was merged with Counts 21, 22, 23, 24, and 25 (all forgery); Count 26 (tampering with records) was merged with Counts 27 and 28 (both forgery); Count 29 (tampering with records) was merged with Count 31 (forgery); and Count 32 (tampering with records) was merged with Count 33 (forgery).

{¶6} Although the State and appellant proposed a jointly recommended sentence of five years in prison, the trial court rejected the joint recommendation and ordered appellant to serve eight consecutive eighteen-month terms, for an aggregate prison term of twelve years. A nunc pro tunc sentencing entry, correcting a scrivener's error, was issued on October 25, 2017.

{¶7} Appellant filed a direct appeal of his sentence and convictions. On August 17, 2018, this Court affirmed his convictions and sentence in *State v. Mason*, 5th Dist. Muskingum No. CT2017-0083, 2018-Ohio-3329. Appellant filed an application to re-open his direct appeal pursuant to Appellate Rule 26(B). This Court denied his application to re-open. He then filed a motion for reconsideration, which we also denied. The Ohio Supreme Court declined to accept jurisdiction of appellant's appeal.

{¶8} In February of 2022, appellant filed a motion to correct illegal sentence with the trial court. The trial court denied the motion. Appellant appealed to this Court, arguing the trial court committed error in failing to correct his illegal sentence. On July 14, 2022, we overruled appellant's assignments of error and affirmed the decision of the trial court. *State v. Mason*, 5th Dist. Muskingum No. CT2022-0020, 2022-Ohio-2443.

{¶9} Appellant filed a motion for resentencing on November 7, 2022. The trial court denied the motion. Appellant appealed to this Court, arguing his sentence was void. On April 10, 2023, we overruled appellant's assignment of error and affirmed the decision of the trial court. *State v. Mason*, 5th Dist. Muskingum No. CT2022-0086, 2023-Ohio-1200.

{¶10} On September 13, 2023, appellant filed a motion to vacate judgment entry of sentence. He argued the sentences imposed for Counts 1, 7, 11, 16, 20, 26, 29, and 32 are void and must be vacated because they are not constitutional. The trial court denied the motion on September 21, 2023.

{¶11} Appellant appeals the September 21, 2023 judgment entry of the Muskingum County Court of Common Pleas and assigns the following as error:

{¶12} "I. [THE] SENTENCE IMPOSED IS UNAUTHORIZED."

I.

{¶13} In his sole assignment of error, appellant contends the trial court committed error in denying his motion to vacate judgment entry of sentence.

{¶14} Upon review, we find appellant's motion to vacate judgment entry of sentence is actually another petition for post-conviction relief under R.C. 2953.21. Where a criminal defendant, subsequent to direct appeal, files a motion seeking to vacate or correct his sentence on the basis that his constitutional rights were violated, such a motion is a petition for post-conviction relief under R.C. 2953.21. *State v. Reynolds*, 79 Ohio St.3d, 1997-Ohio-304, 158, 679 N.E.2d 1131.

{¶15} Pursuant to R.C. 2953.21, appellant had three hundred and sixty-five days after the date on which the trial transcript was filed in the court of appeals in the direct

appeal of the judgment of conviction to file a timely post-conviction petition. The trial transcript was filed with this Court on December 19, 2017. Appellant's motion filed on September 13, 2023 was filed longer than three hundred and sixty-five days after December 19, 2017. Pursuant to R.C. 2953.23, the trial court could not entertain a petition for post-conviction relief past this deadline unless appellant demonstrates that either R.C. 2953.23(A)(1) or (2) applies. Appellant made no such demonstration in his September 13th motion.

{¶16} Further, pursuant to the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, other than a direct appeal from the judgment, any defense or lack of due process that was raised or could have been raised at the trial which resulted in the judgment of conviction, or on appeal from that judgment. *State v. Szefcyk*, 77 Ohio St.3d 93, 1996-Ohio-337, 671 N.E.2d 233.

{¶17} We find the issues raised by appellant in his motion and in the instant appeal are issues which were cognizable upon direct appeal from his judgment of conviction and sentence. Appellant's collateral attack on the judgment on these grounds is barred by res judicata. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Appellant could have raised the claimed errors in his direct appeal, but failed to do so.

{¶18} Based on the foregoing, appellant's assignment of error is overruled.

{¶19} The September 21, 2023 judgment entry of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

King, J., concur