[Cite as *Mason v. Forshey*, 2025-Ohio-3130.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
NOBLE COUNTY

TROY MASON,

Petitioner-Appellant,

v.

JAY FORSHEY, WARDEN,

Respondent-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 NO 0522

---

Civil Appeal from the
Court of Common Pleas of Noble County, Ohio
Case No. 224-0063

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

Troy Mason, Pro se, Petitioner-Appellant

*Atty. Dave Yost*, Ohio Attorney General, and *Atty. Lisa K. Browning*, Senior Assistant Attorney General, Criminal Justice Section, for Respondent-Appellee

Dated:  August 25, 2025

---

**WAITE, J.**

{¶1} Appellant Troy Mason appeals a February 6, 2025 judgment entry of the Noble County Court of Common Pleas which denied his "complaint" for habeas corpus. Appellant argues that *res judicata* must be asserted within the responsive answer and if it is not, it is waived. Thus, he claims the trial court erred in applying *res judicata* to rule in favor of Appellee Jay Forshey. Appellant appears to ignore that the trial court denied his complaint for several reasons, including that he did not attack the jurisdiction of the sentencing court and that his maximum sentence had not yet expired. For the reasons that follow, the judgment of the trial court is affirmed.

## Factual and Procedural History

{¶2} As this matter arose out of the Muskingum County Common Pleas Court, the file in the underlying case is not available to us. However, the facts that formed the relevant convictions and sentence in this matter are contained in the Opinion stemming from Appellant's direct appeal to the Fifth District Court of Appeals.

{¶3} In a peculiar set of facts, Appellant had been charged and convicted on eight misdemeanor cases in the Zanesville Municipal Court. However, from the arrest through his conviction, Appellant pretended to be, and even signed documents in the name of, his brother. Appellant later confessed to these acts, and on this basis was charged with eight counts of tampering with records and twenty-five charges of forgery in the common pleas court, one of which was later dismissed by the state. The common pleas court had jurisdiction over these charges, as they were felonies. After a trial, the jury convicted Appellant on all charges. In sentencing, the trial court exceeded the jointly-

recommended sentence and imposed an aggregate sentence of twelve years of incarceration. See *State v. Mason,* 2018-Ohio-3329 ("*Mason I*").

**{¶4}** Appellant unsuccessfully appealed his convictions based on a sufficiency of the evidence argument. *Id.* The Ohio Supreme Court declined jurisdiction and overruled a motion for reconsideration. *See State v. Mason,* 2019-Ohio-3148; *State v. Mason,* 2019-Ohio-4003.

**{¶5}** Thereafter, Appellant filed a writ of habeas corpus in federal court. *See Mason v. Warden, Noble Correctional Institution,* 2020 WL 5437823 (S.D.Ohio Sept. 10, 2020). Appellant argued that he received ineffective assistance of counsel, was denied due process, and that the state violated the Eighth Amendment by amending the charges during closing arguments. The judge adopted the magistrate's report and recommendation, and dismissed the matter. Appellant filed for a certificate of appealability, but was denied in *Mason v. Warden, Noble Correctional Institution*, 2021 WL 1561389, (6th Cir. Mar. 8, 2021).

**{¶6}** Appellant also filed several motions with the trial court, in the Fifth District, and the Ohio Supreme Court, including:

1) An application to reopen pursuant to App.R. 26(B) filed October 23, 2018, which was denied on January 14, 2019.

2) A motion for reconsideration on January 25, 2019, denied on April 15, 2019.

3) A notice of appeal to the Ohio Supreme Court on May 22, 2019. This was denied on October 3, 2019, and the Supreme Court declined to accept jurisdiction.

4) A motion styled as one to correct an illegal sentence with the trial court on February 28, 2022, which was denied on March 3, 2022.

*State v. Mason*, 2022-Ohio-2443, ¶ 11-18 (5th Dist.) ("*Mason II*").

**{¶7}** Relevant to the instant appeal, Appellant filed a "Complaint in Habeas Corpus Pursuant to R.C. 2525.01 et seq" on July 29, 2024. The basis of Appellant's action was his belief that he was "not named as a party to the underlying conviction and sentence." This is based on Appellant's misunderstanding of the handling of his case. The exhibits from the municipal court (where he unlawfully used his brother's identity) were used only to prove the charges against him in common pleas court. While he claims he is not the person named in the municipal court documents (again, as he used his brother's name), in the common pleas court where he was convicted of all of the relevant charges, identity was never an issue. Appellee filed two responses. On August 27, 2024, Appellee filed a motion to dismiss, and on October 22, 2024, Appellee filed a motion for summary judgment. On January 13, 2025, Appellant filed a motion for judgment on the pleadings.

**{¶8}** On February 6, 2025, the trial court granted Appellee's motion to dismiss. The court clarified that Appellant's arguments are based on his contention that the municipal court lacked jurisdiction over him. However, the convictions that he challenges arose from separate charges filed in common pleas court. Thus, Appellant is misguided

in claiming that he is being restrained by a court that lacked jurisdiction over him or that the sentencing court lacked jurisdiction, as the court taking jurisdiction of his case, and which convicted and sentenced him, was (appropriately) the common pleas court, not the municipal court. In addition, the court found Appellant's sentence had not yet expired, and he had alternate remedies (direct appeal and postconviction relief) available to him. It is from this entry that Appellant timely appeals.

Appellate Motions

**{¶9}** After the briefs were filed, Appellant filed two motions: "Motion to Strike Brief of Respondent-Appellee" and "Procedural Motion Regarding Respondent/Appellee's Failure to File a Cross-Appeal." In his motion to strike, Appellant asserts that Appellee's brief is non-compliant. He claims it fails to include a table of contents, statement of jurisdiction, statement of facts, statement of the issues, and the standard of review. In the "procedural motion," Appellant contends that because Appellee appears to address two assignments of error, which differ from the sole assignment of error asserted by Appellant, that Appellee has improperly filed a cross appeal.

**{¶10}** As to the motion to strike, while Appellee's brief does not fully comply with certain briefing rules, most of Appellant's complaints are inaccurate. While the best practice would be to comply with the rules in full, none of the omissions in Appellee's brief would justify sanctions, and certainly not the ultimate sanction of striking Appellee's brief.

**{¶11}** As to Appellant's "procedural motion," it is easy to see why Appellee's brief does cause Appellant some confusion. Appellant asserts in his brief a single assignment of error, arguing that his complaint is not barred by *res judicata*. In its brief, Appellee does not completely respond to the *res judicata* argument, but raises two other issues to show

why it urges Appellant is not entitled to habeas relief. Again, the best practice would have been to address the assignment raised by Appellant and then, within that argument, address all other issues presented by Appellant's habeas "complaint." However, Appellee's manner of addressing the two issues it raises does not serve to attack any part of the trial court's decision. They are apparently intended solely to bolster that decision. Hence, these two "assignments" do not form, by definition, a cross-appeal. Instead, these are merely arguments in support of affirming the trial court's decision.

{¶12} Both of Appellant's motions in this matter are overruled.

<u>ASSIGNMENT OF ERROR</u>

The trial court erred by not converting the motion to dismiss into a motion for summary judgment.

{¶13} Appellant argues that *res judicata* is an affirmative defense which must be raised within the answer to a complaint or it is considered waived. He contends that Appellee first raised *res judicata* in its motion to dismiss, which is not permitted under Ohio law.

{¶14} Appellee responds that Appellant's contention about the jurisdiction of the common pleas court could have been raised on direct appeal. Thus, it is clearly *res judicata*. Additionally, Appellee points out that an inmate must serve some period beyond the maximum term of their sentence before they are entitled to habeas relief. Appellant has not yet served the maximum term of his sentence.

Generally, a writ of habeas corpus is available only when the petitioner's maximum sentence has expired and he is being held unlawfully,

*Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, 59 N.E.3d 1236, ¶ 8, or when the sentencing court patently and unambiguously lacked subject-matter jurisdiction, *Stever v. Wainwright*, 160 Ohio St.3d 139, 2020-Ohio-1452, 154 N.E.3d 55, ¶ 8 . . . Habeas corpus is not available when the petitioner has or had an adequate remedy in the ordinary course of the law unless the trial court's judgment is void for lack of jurisdiction. *State ex rel. Davis v. Turner*, 164 Ohio St.3d 395, 2021-Ohio-1771, 172 N.E.3d 1026, ¶ 8.

*Stevens v. Hill*, 2022-Ohio-2479, ¶ 6.

A court may dismiss a habeas action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted "if, after all factual allegations are presumed true and all reasonable inferences are made in [the petitioner's] favor, it appears beyond doubt that he could prove no set of facts entitling him to the requested extraordinary relief in habeas corpus." *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 10. We review a dismissal under Civ.R. 12(B)(6) de novo. *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8.

*Rock v. Harris*, 2019-Ohio-1849, ¶ 6.

{¶15} Appellant clearly misunderstands the judgment of the trial court. While the court did find that Appellant should have raised his arguments during his direct appeal or in a petition for postconviction relief, the court based its decision, here, on Appellant's

failure to satisfy the threshold requirement for habeas relief, as Appellant failed to show that he was restrained by a court that had no jurisdiction. Again, Appellant's habeas action was directed to the jurisdiction of the municipal court, not the common pleas court in which the pertinent charges were filed and which actually oversaw his case and sentenced him. Jurisdiction was appropriate for Appellant's offenses, as they are felonies. Appellant's confusion seems to stem from the fact that the offenses which were charged in common pleas court are based on illegal acts that took place in municipal court. Some exhibits used in the common pleas court were municipal court filings by Appellant made in his brother's name. The municipal court is only relevant, here, to the extent that Appellant's conduct during municipal court proceedings formed the factual basis for his felony charges filed in the court of common pleas. His "bad acts" may have occurred in the municipal court, but because these acts rose to the level of felonies, they were charged, tried, convicted, and sentenced in common pleas. The charges for his acts were felony charges that lead to felony convictions. A common pleas court has jurisdiction to hear felony charges. Additionally, Appellant complains he is not the person named in these exhibits. Again, his common pleas charges arose because Appellant was unlawfully using his brother's identity in a municipal court matter. In this context, these filings serve only to support his felony conviction. Hence, Appellant's arguments relevant to jurisdiction are without merit.

**{¶16}** Further, as noted by Appellee, Appellant's maximum sentence has not yet expired. Consequently, Appellant has clearly failed to demonstrate that he is eligible to file a writ of habeas corpus. Accordingly, Appellant's sole assignment of error is without merit and is overruled.

## Conclusion

**{¶17}** Appellant argues that *res judicata* must be asserted within the responsive pleading and if it is not, it is waived.  While it does appear that *res judicata* applies, Appellant ignores that the trial court denied his complaint for several reasons, including that it did not attack the jurisdiction of the sentencing court.  Additionally, Appellant has not served his maximum sentence, and so, does not meet the threshold requirement of a habeas action.  For the reasons provided, the judgment of the trial court is affirmed.

Robb, P.J. concurs.

Dickey, J. concurs.

Case No. 25 NO 0522

---

For the reasons stated in the Opinion rendered herein, Appellant's sole assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Noble County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**